**Augustus MARSHALL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 74–C–567.

United States District Court, E. D. Wisconsin.

Jan. 31, 1975.

Augustus Marshall, pro se.

William J. Mulligan, U. S. Atty., Milwaukee, Wis., for defendant.

———◆———

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the pro se petition of Augustus Marshall. Pursuant to 28 U.S.C. § 2255, the petitioner challenges the legality of the sentence imposed by this court in 71–Cr–101. Since one of the grounds upon which the sentence is challenged relates to the propriety of Mr. Marshall's guilty pleas, I will treat this petition as seeking withdrawal of the guilty pleas under Rule 32 (d), Federal Rules of Criminal Procedure. I conclude that the petition as construed should be denied.

The petitioner entered pleas of guilty on June 22, 1971, to two counts of an indictment charging him with violations of 18 U.S.C. §§ 2113(a) and 2113(d) (1970). On June 29, 1971, Mr. Marshall was sentenced to imprisonment for 15 years under the provisions of 18 U.S.C. § 4208(a)(2). For sentencing purposes, counts 1 and 2 of the indictment were treated as a single offense.

The petitioner claims that at the time of his pleas, he was not made aware of any of the possible consequences of the guilty pleas, including the potential for sentencing under the Youth Corrections Act of 1950 [YCA], 18 U.S. C. §§ 5005–5026 (1970). The transcript of the arraignment and plea clearly demonstrates that the petitioner was apprised that he faced a maximum penalty of 25 years imprisonment, a fine of $10,000 or both; no greater penalty could have been imposed were the petitioner to have been sentenced under the YCA. See 18 U.S.C. §§ 5010(c), 5017(d) (1970).

■ Because the petitioner was sufficiently cognizant of the worst permissible sentence, the pleas of guilty were accepted in conformity with the dictates of Rule 11, Federal Rules of Criminal Procedure. Marshall v. United States, 431 F.2d 355, 357–58 (7th Cir. 1970). See also Pilkington v. United States, 315 F.2d 204, 209 (4th Cir. 1963). While it is the better practice to inform a defendant of the potential collateral consequences of his guilty pleas, it is not error to fail to do so. See Berry v. United States, 412 F.2d 189, 192 (3d Cir. 1969); 1 C. Wright & A. Miller, Federal Practice and Procedure, § 173, at 374–75 (1969).

■ I have reviewed the petitioner's argument with respect to the guilty pleas under the more flexible standard provided by Rule 32(d), Federal Rules of Criminal Procedure. I conclude that the record in this case reveals no "manifest injustice," which would warrant withdrawal of the guilty pleas.

■ The petitioner's next contention is that the sentencing proceedings were defective because the court failed specifically to find that Mr. Marshall would derive no benefit from treatment under the YCA. The petitioner relies on Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). I conclude that Dorszynski is inapposite and even if applicable, should not be given retroactive effect.

■ In Dorszynski the Supreme Court held that in the sentencing of a youth offender, a court is required by 18 U.S.C. § 5010(d) to make a specific finding that the defendant would not benefit from treatment under the YCA before the defendant can be sentenced as an adult. 418 U.S. at 440–441, 94 S.Ct. 3042. Mr. Dorszynski was 19 years of age at the time of conviction and qualified for YCA treatment as a "youth offender" since he had not reached his 22nd birthday at the time of conviction. 18 U.S.C. § 5006(e).

The petitioner in this case, however, concedes he was 24 years of age at the time of conviction. He is therefore subject to YCA sentencing as a "young adult offender" only if

"the court finds that there is [sic] reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act . . . ." 18 U.S.C. § 4209 (emphasis added).

The Court in Dorszynski recognized that the method by which a young adult offender becomes subject to adult sentencing under § 4209 is precisely the opposite of a youth offender's potential exposure to adult sentencing pursuant to § 5010(d). See Dorszynski v. United States, supra at 433, 439, 94 S.Ct. 3042. Indeed, the wording of § 4209 indicates that a young adult offender will be sentenced as an adult unless the court finds that he will benefit from the YCA, while a "youth offender" should ordinarily be sentenced under the YCA unless the court finds that he will not benefit from YCA treatment. Compare 18 U.S.C. § 4209 with 18 U.S.C. § 5010(d); see United States v. Waters, 141 U.S. App.D.C. 289, 437 F.2d 722, 723–24 (1970).

Furthermore, no court has applied the Dorszynski ruling to persons 22 years of age or older. In fact, the District of Columbia Circuit, which employed the Supreme Court's interpretation of § 5010 (d) well before the Dorszynski decision was announced, has held that § 4209 does not require a finding of "no benefit" before a "young adult offender" can be sentenced as an adult. United States v. McDonald, 156 U.S.App.D.C. 338, 481 F.2d 513, 515 (1973).

■ Even if the rule announced in Dorszynski were extended to "young adult offenders," that rule should not be given retroactive effect. The relevant criteria for determining whether a new rule of criminal procedure should be employed retroactively were set forth in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and Krilich v. United States, 502 F.2d 680 (7th Cir., decided August 30, 1974). Those criteria are "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforce-

ment authorities on the old standards, and (c) the effect on the administration of justice of the retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970.

The purpose of requiring an express finding of "no benefit" is "to insure that the sentencing judge exercised his discretion in choosing not to commit a youth offender to treatment under the [YCA]." Dorszynski v. United States, supra, 418 U.S. at 443, 94 S.Ct. at 3052. In my opinion, this purpose can be served by prospective application of the Dorszynski rule.

"The unusual force of the countervailing considerations strengthens [the] conclusion in favor of prospective application." Stovall v. Denno, supra, 388 U.S. at 299, 87 S.Ct. at 1971. First, sentencing judges could fairly have relied upon the fact that the wording of § 4209 has been uniformly construed to state the converse of § 5010(d) with respect to whether a "no benefit" finding must precede the adult sentencing of a "young adult offender." See Dorszynski v. United States, supra, 418 U.S. at 433, 439, 94 S.Ct. 3042; United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722, 723–74 (1970). Secondly, I believe that the administration of justice would be seriously impaired were judges forced to review and resentence every young adult offender for whom an explicit finding of "no benefit" was not made. I thus conclude that even were Dorszynski applicable to the sentencing of "young adult offenders," such a rule should not be given retroactive effect.

■ Mr. Marshall also complains that because the record is devoid of any reference to possible YCA treatment, the discretion granted to the sentencing judge in § 4209 was not exercised at all. While in limited instances, failure to exercise discretion has been the basis for vacating a sentence as unlawfully imposed, see, e. g., United States v. Wiley, 267 F.2d 453 (7th Cir. 1959), I conclude that the failure to mention the sentencing alternative provided by § 4209 was not error; it is noted that

defense counsel failed to bring this matter to the court's attention at the time of sentencing.

The petitioner urges in effect that the burden of raising the possibility of YCA treatment pursuant to § 4209 falls upon the court rather than defense counsel. One circuit has imposed upon the district judge the burden of exploring certain sentencing possibilities under the theory of failure to exercise discretion. United States v. Williams, 407 F.2d 940, 944–45 (4th Cir. 1969). The decision by the circuit court of appeals for the seventh circuit in United States v. Wiley, 267 F.2d 453 (7th Cir. 1959), does not impose such a duty on the sentencing judge. Wiley is distinguishable from the case at bar because defense counsel had brought the possibility of probation under 18 U.S.C. § 3651 to the sentencing court's attention, and the court simply refused to consider it.

In my opinion, moreover, Wiley should not be extended to a situation where defense counsel has not brought to the court's attention a sentencing alternative such as that provided by § 4209. The sentencing possibility presented by § 4209 does not differ in kind from many other choices available to the sentencing judge in the sense that it may be employed when the judge believes the circumstances are appropriate. For example, the petitioner's argument would have equal force where the possibility for probation under 18 U.S.C. § 3651 was not mentioned by either the judge or counsel for the defendant. Thus, were Wiley applicable even when defense counsel is silent as to a sentencing alternative, the sentencing judge would be faced with the heavy burden of rejecting on the record each and every available alternative not raised by defense counsel in order to avoid a failure to exercise discretion.

I conclude that "the files and records of [this] case conclusively show that the petitioner is entitled to no relief . . . ." 28 U.S.C. § 2255.

Therefore, it is ordered that the petition be and hereby is denied.