Larry E. STEAD, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 74-855C (2).

United States District Court
E. D. Missouri, E. D.

April 25, 1975.

Larry Stead, pro se.

Richard E. Coughlin, U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION

REGAN, District Judge.

Upon trial to a jury in Cause No. 68 CR 279(2) petitioner was convicted of the offense of attempted entry into a federally insured savings and loan association with intent to commit larceny therein. On January 23, 1969, the Honorable James H. Meredith sentenced petitioner to 20 years imprisonment. Upon direct appeal the conviction was affirmed. United States v. Stead, 8 Cir., 422 F.2d 182, cert. den., 397 U.S. 1080, 90 S.Ct. 1534, 25 L.Ed.2d 816.

Petitioner now seeks to vacate judgment and sentence under Section 2255,

28 U.S.C. Twice before he filed motions to vacate. His first motion, filed July 23, 1970, alleged that his arrest was without probable cause and that the evidence obtained as the result of the allegedly illegal arrest was wrongfully used to convict him. Leave to appeal the dismissal of that motion was denied by Judge Meredith and by the Court of Appeals. Petitioner's second motion, filed December 21, 1971, attacked the sufficiency of the evidence to support his conviction as well as the constitutionality of Section 2113(a), 18 U.S.C. Judge Meredith's order dismissing that motion on the merits was affirmed by the Court of Appeals on May 15, 1972.

In his present motion, petitioner has presented three grounds for relief, (1) that his sentence is unconstitutionally invalid in that the court sentenced petitioner as an adult without first considering and making an express finding of "no benefit" under the Young Adult Offenders Act, (2) that the Court's refusal to order a pre-sentence report advising the court of the factors pertinent to a finding of "no benefit" deprived petitioner of the opportunity to present information in mitigation of punishment, and (3) that Judge Meredith employed a "fixed and mechanical approach" in imposing sentences on defendants convicted by juries of violating Section 2113, 18 U.S.C. The motion has been transferred to this Court for decision.

■ Before considering the specifics of petitioner's claims, it is well to note that they are urged in the context of a Section 2255 motion and not on a direct appeal from petitioner's conviction. Section 2255 was enacted in order to authorize relief comparable to habeas corpus if the sentence was imposed in violation of the Constitution or laws of the United States, or if the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. It is well settled that Section 2255 cannot be utilized as a substitute for a direct appeal or as a vehicle for raising alleged errors (not amounting to a denial of a fair trial or constituting an infringement of a constitutional right) which should have been raised but were overlooked on the direct appeal. None of the grounds now asserted by petitioner were raised on direct appeal, although all of them were then available and known to him.

■ We first consider petitioner's claim relating to his sentence as an adult. He was 24 years old at the time of his conviction, some six years before he first presented his present contention that he should have been, but was not, considered for sentencing under the Young Adult Offenders Act. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 is relied on by petitioner. However, that case which involved a *youth offender* (under the age of 22, and hence not a young adult), has no application. As distinguished from young adult offenders, a youth offender may not be sentenced as an adult unless the court *explicitly* finds that he will *not* benefit from the treatment under the Act. We note that as to youth offenders, the Supreme Court concluded in Dorszynski v. United States, supra, that the "no benefit" finding should be stated of record in order to make certain that the sentencing court had given consideration to the possibility that the prescribed treatment might be helpful. Even so, the Court held that a general finding suffices and that the reasons which motivated the court in making such a finding need not be set forth on the record.

"In the case of a young adult offender, the relevant statute states, ' * * * if * * * *the court finds* that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Correction Act * * * *sentence may be imposed* pursuant to the provisions of such act.' The thrust of this provision is that an offender older than 22 years but less than 26 years is, as a general proposition, to be treated as an adult and sentenced pursuant to the statute

under which he was convicted unless the court, in the exercise of its discretion, finds that he would benefit from the type of rehabilitative treatment normally available to young offenders, under the Youth Corrections Act." United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722, 723 (Emphasis by the Court).

The *Waters* case quotes the following from the report of the Senate Committee on the Judiciary with respect to the then proposed young adult sentencing provision: "The proposed legislation also authorizes the court, *in exceptional cases* of defendants between the ages of 22 and 26 years at the time of conviction, to sentence under the provisions of the Federal Youth Correction Act. At present the Youth Act may be applied only to convicted offenders under the age of 22, and the bill does not propose a general extension of this applicability. It contemplates that the Youth Act may be applicable to an offender in the slightly older age group *only when the court makes a special finding* that the defendant would benefit by the treatment methods prescribed by that act." (Emphasis by the Court).

■ It is obvious that Judge Meredith did not believe, much less affirmatively find, that petitioner would benefit from the treatment afforded to youth offenders. Petitioner's was not the "exceptional case" contemplated by the Young Adult Offenders Act. Hence, absent, as here, an *affirmative* finding of benefit, sentence was properly imposed under Section 2113(a) and petitioner's belated contention to the contrary is without merit.

■ Next we consider petitioner's argument that Judge Meredith should not have sentenced him without the benefit of a pre-sentence report. Rule 32(c)(1), F.R.Cr.P. provides that the probation service shall make a pre-sentence investigation and report to the court before the imposition of sentence *"unless the Court otherwise directs."* Thus, it is clearly *discretionary* with the court

whether to dispense with a pre-sentence report. United States v. Hazelrigg, 8 Cir., 430 F.2d 580, 583; Cassidy v. United States, 8 Cir., 428 F.2d 585, 588. We have not been cited to any case holding the failure or refusal of the court to order a pre-sentence investigation and report of itself invalidates the sentence or makes it subject to *collateral* attack.

■ Judge Meredith did not sentence petitioner in a vacuum. He had the benefit of petitioner's trial testimony which disclosed a criminal record, as well as other similar information furnished to him by petitioner at sentencing. At most the matter is one that should have been urged on petitioner's direct appeal and is not a basis for a Section 2255 motion. Parenthetically we note from our examination of the file in Cause No. 68 CR 279(2) that in seeking leave to appeal his conviction in forma pauperis, petitioner stated (under oath) that one of the two points he desired to present on direct appeal was "Sentencing without pre-sentence investigation." However, although that issue was then known and available to petitioner it was not presented on his direct appeal either in his counsel's brief or *in his own pro se supplemental brief.* Query: Did petitioner "deliberately by-pass" his right to direct appellate review?

■ Petitioner urges in this connection that by reason of the absence of a pre-sentence report he was deprived of an opportunity to present information in mitigation of punishment, citing Rule 32(a), F.R.Cr.P. Rule 32(a) has reference to an expanded right of "allocution" prior to sentencing, that is, to the right of a defendant to make a statement in his own behalf and to make a statement in mitigation of punishment. However, it is now settled that "the failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by *collateral attack"* under Section 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, and see Moore v. United States, 8 Cir., 329 F.2d 821, which notes that the mat-

ter is one for assignment of error on appeal. The fact is, however, that petitioner was specifically asked by Judge Meredith, prior to sentencing, after a review with petitioner of his prior criminal record, whether he had anything to say, and petitioner replied in the negative. And even now, more than five years after the event, petitioner does not state what information, if any, not known to Judge Meredith from petitioner's trial testimony or his answers at the time of sentencing, he could have presented to the probation service or to the Court for consideration in meting out punishment, particularly since petitioner was then aware that Judge Meredith had declined to await a pre-sentence investigation and report before imposing sentence.

It is not without significance that after certiorari was denied by the Supreme Court, petitioner filed a motion for reduction of sentence in which he attempted at some length to present his record of criminality in as favorable a light as possible while pleading for reconsideration of his severe sentence. In the consideration of that motion, Judge Meredith also had the benefit of the Government's suggestions in opposition to petitioner's earlier filed motion for reduction of bail on appeal, in which it was disclosed that petitioner had never held steady or constructive employment and that he had a record of some 38 arrests, 31 of which were for burglary or possession of burglary tools, that he had been convicted of at least six separate offenses and that two other separate court cases were then pending against him, the prosecution of one which (a multi-count indictment in the Western District of Missouri) was dependent on whether petitioner would be released on bail. The motion for reduction of sentence was overruled, and there is no suggestion

that petitioner could have presented to Judge Meredith or to the probation service any favorable information not contained in that motion.[1]

■ Petitioner's final contention is that Judge Meredith employed a "fixed and mechanical approach" in his sentencing procedures by an alleged policy of sentencing every young adult offender convicted by juries of violating Section 2113, 18 U.S.C. Other than petitioner's bald assertion, there is not the slightest basis in the motion supportive of this contention. It would appear to have been conjured up as a result of reading the then recent case of United States v. Schwarz, 2 Cir., 500 F.2d 1350.

Unlike Woolsey v. United States, 8 Cir., 478 F.2d 139, no statement by Judge Meredith indicative of any policy with respect to this character of offense is cited by petitioner. So, too, the ruling in United States v. Schwarz, supra, remanding the case for resentencing, resulted from the belief of the appellate court that the remarks of the district court at the time of sentencing were susceptible of the construction that the judge believed that no person coming from a "privileged background" should be eligible for treatment under the Youth Corrections Act.

*Woolsey* involved a Jehovah's Witness who for religious reasons committed what the Court of Appeals described as a "crime of conscience" which it deemed a mere technical violation of the Selective Service Law. And it was because the majority of the Court of Appeals were of the opinion that Judge Meredith's *remarks* at sentencing *indicated* that he followed an "inflexible policy" of sentencing all draft violators to the maximum term allowed by law without regard to the good character of the defendant or other impelling reasons jus-

---

1. Had a presentence report been made, it would have revealed, in addition to his criminal record, petitioner's association and friendship with other criminally oriented individuals. In a civil case subsequently filed by petitioner in this district (Cause No. 71

C 154(1), of which we take judicial notice), petitioner named two such friends, Daniel Lee Sappington (a specialist in the burglary of savings and loan associations) and Gene (Harold Gene) McAnulty, both of whom were convicted of federal offenses.

tifying leniency, the Court remanded the case for resentencing. Both *Woolsey* and *Schwarz* were decided on direct appeals from the sentences. Both defendants were first offenders. By contrast, not only did petitioner fail to raise this point on direct appeal, but he was admittedly a criminally sophisticated individual with a number of prior convictions.

As indicated supra, prior to sentencing, Judge Meredith questioned petitioner concerning his criminal record which had been adverted to in his trial testimony. At age 19 petitioner was convicted of breaking into an apartment and stealing a television set, and was placed on probation. He subsequently pleaded guilty to the offenses of breaking into a warehouse and stealing, and at the same time his probation on the prior offense was revoked. Petitioner was scheduled for trial in the Western District of Missouri on a charge of possessing stolen money orders. He also informed the Court that he was then under a five year state-imposed sentence for burglary, the conviction being then pending on appeal.[2] Certainly, the extensive interrogation of petitioner relating to his criminal record is utterly inconsistent with the existence of a "fixed and mechanical approach" by Judge Meredith in sentencing offenders convicted of violating Section 2113(a), inasmuch as there would have been no point in doing so if the sentence would have been imposed in any event.

Recognizing his lack of any factual data to support the conclusory statement in his motion,[3] petitioner has sought to interrogate Judge Meredith by means of a so-called "Deposition upon written interrogatories." Understandably, Judge Meredith declined to answer these interrogatories which sought to compel the Judge to personally examine every court file in every criminal case assigned to him since January 1, 1965, covering a period of some 10 years, and on the basis of such examination compile statistics relating thereto. Such material, to the extent it may be in existence, could be obtained otherwise than by harassment of Judge Meredith. In addition, petitioner wholly failed to follow the provisions of Rule 31, F.R.C.P. Not only did petitioner's "Notice" treat *Judge Meredith* as "the other party" to his motion (completely ignoring the fact that at most Judge Meredith would be only a witness and that the United States was actually the other party), but in addition petitioner did not designate the name or descriptive title and address of the officer before whom the deposition was to be given.

It follows from the foregoing that petitioner's motion to vacate should be and it is hereby overruled.

---

2. That conviction was subsequently affirmed in State v. Stead, Mo., 473 S.W.2d 714.

3. In an affidavit filed with the "Notice" petitioner stated: "I do further swear that *I do not possess the information* being sought by the annexed Deposition."