Ralph Edward ROSS,
Petitioner-Appellant,

v.

The UNITED STATES of America,
Respondent-Appellee.

No. 75–1801.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1976.

Decided March 16, 1976.

Professor Charles Crutchfield, Notre Dame, Ind., for petitioner-appellant.

James B. Young, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before SWYGERT and BAUER, Circuit Judges, and HOFFMAN,* Senior District Judge.

BAUER, Circuit Judge.

Appellant asks us to vacate his fifteen year sentence for armed bank robbery in this 28 U.S.C. § 2255 motion on the grounds that the trial judge erred when sentencing him (1) by not making an express finding that the appellant would not benefit from

* The Hon. Julius J. Hoffman, Senior District Judge, United States District Court for the Northern District of Illinois, is sitting by designation.

**840**

disposition under the Young Adult Offenders Act (18 U.S.C. § 4209) and (2) by relying on misinformation and failing to adequately consider the applicability of the Young Adult Offenders Act. The district court refused to vacate the sentence and we affirm its decision.**

### I.

Appellant was twenty-two years and eleven months old at the time of his sentencing. Convicted persons of twenty-two years or older are covered by the Young Adult Offenders Act, 18 U.S.C. § 4209:

"In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such act."

Appellant was not sentenced under the provisions of the Youth Corrections Act. ▪ Appellant contends that in light of the Supreme Court's decision in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), which requires sentencing judges to make an express finding that persons covered by the Youth Corrections Act, 18 U.S.C. § 5010(d), will not benefit from sentencing under that Act before sentencing them under other statutes, a similar express finding must be made before sentencing persons who could be sentenced under the Young Adult Offenders Act since the latter Act incorporates by reference the Youth Corrections Act and must be interpreted in the same manner.

We do not agree with this contention. The two acts must be interpreted different-ly with regard to the necessity of a finding by the trial judge. The statutory language is markedly dissimilar. The Youth Corrections Act states:

"If the court shall find that the youth offender will not derive benefit from treatment . . ., then the court may sentence the youth offender under any other applicable penalty provision." 18 U.S.C. § 5010(d).

(A youth offender is defined by the Act as a person under the age of twenty-two years at the time of conviction, 18 U.S.C. § 5006(e).) The Young Adult Offenders Act states:

"[If] the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such act."

While Congress presumed that the Youth Corrections Act would apply to offenders under 22 years of age, there is no similar presumption in the Young Adult Offenders Act. The Youth Corrections Act says the Act *will* apply *unless* a finding of no benefit is made. The Young Adult Offenders Act says that the Act *will not* apply *unless* a finding of benefit is made.

The legislative history of the Young Adult Offenders Act confirms this interpretation:

"The proposed legislation also authorizes the court, *in exceptional cases* of defendants between the ages of 22 and 26 years at time of conviction, to sentence under the provisions of the Federal Youth Correction Act. At present the Youth Act may be applied only to convicted offenders under the age of 22, and the bill does not propose a general extension of this applicability. It contemplates that the Youth Act may be applicable to an offender in the slightly older age group *only when the court makes a special finding* that the defendant would benefit by the treatment methods pre-

** Our decision was announced from the bench after oral argument.

scribed by that act." S.Rep.No.2013, 85th Cong., 2d Sess. 2, U.S.Code Cong. & Admin.News, 1958, pp. 3891, 3892 (emphasis added).

Other courts here discerned the same distinction. For example, the Second Circuit in *United States v. Kaylor,* 491 F.2d 1133, 1137 (2d Cir. 1974) (en banc), stated as follows:

"Further developing the congressional scheme, it is readily apparent that there is a direct contrast between youth offenders under the Youth Corrections Act—such as appellant Hopkins—and 'young adult offenders' under 18 U.S.C. § 4209, where Congress, after specifically requiring consideration of the previous record of the defendant, his social background, capabilities, mental and physical health and the like, permits the court to impose sentence under the Youth Corrections Act only 'if . . . the court finds that there is reasonable grounds to believe that the defendant will benefit from [that] treatment. . . .' Quite evidently Congress intended to prefer treatment under the Youth Corrections Act for youth offenders, while it meant to permit such treatment only after affirmative findings in the case of young adult offenders."

See also *United States v. McDonald,* 156 U.S.App.D.C. 338, 481 F.2d 513, 515 (1973); *United States v. Waters,* 141 U.S.App.D.C. 289, 437 F.2d 722, 724 (1970); *Stead v. United States,* 395 F.Supp. 1299 (E.D.Mo. 1975); *Marshall v. United States,* 389 F.Supp. 729 (E.D.Wis.1975).

## II.

The appellant's second argument is that we should vacate his sentence since the full exercise of the trial judge's discretion was precluded through his reliance on misinformation and his failure to adequately consider whether the appellant should be sentenced under the Young Adult Offenders Act.

Appellant claims that the competency determination made by the Medical Center for Federal Prisoners in Springfield, Missouri, and relied upon by the trial judge in sentencing, was invalid and its use in sentencing by the trial judge constitutes grounds for vacating the sentence.

▮ While it is proper for an appellate court to vacate a sentence when the record indicates that information relied upon by the trial judge when sentencing was erroneous, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *United States v. Buckley,* 379 F.2d 424 (7th Cir. 1967), vacation of the sentence is not required when there is no factual support for the claim that the competency finding is invalid. While we agree with the appellant that the heavy workload at the Medical Center may affect the accuracy of its reports, some more concrete indication of error in the actual report must be shown before we will take the exceptional step of vacating the trial judge's sentence.

▮ The appellant's argument that the judge's alleged "split second" sentence determination did not include adequate consideration of the applicability of the Young Adult Offenders Act also is not a sufficient ground for the vacation of the sentence. Not only was the judge's sentence determination not of the "split second" variety (after the verdict was read the trial judge read aloud the complete presentence investigation and the final paragraph of the Springfield, Missouri, psychiatric report, heard from the defense attorney that his client was ready to receive the final disposition, listened to the government's recommendation and the defense's argument in mitigation and personally addressed the defendant several times), but the attorney for the appellant never brought the possibility of sentencing under the Young Adult Offenders Act to the court's attention. Judge Gordon, of the District Court for the Eastern District of Wisconsin, pointed out the infirmity of requiring a trial court to indicate it considered the applicability of 18 U.S.C. § 4209 when its availability was not presented to the court by defense counsel:

"The sentencing possibility presented by § 4209 does not differ in kind from many other choices available to the sentencing judge in the sense that it may be employed when the judge believes the circumstances are appropriate. For example, the petitioner's argument would have equal force where the possibility for probation under 18 U.S.C. § 3651 was not mentioned by either the judge or counsel for the defendant. Thus, . . . even when defense counsel is silent as to a sentencing alternative, the sentencing judge would be faced with the heavy burden of rejecting on the record each and every available alternative not raised by defense counsel in order to avoid a failure to exercise discretion." *Marshall v. United States*, 389 F.Supp. 729, 732 (E.D.Wis.1975).

Under such circumstances we cannot say the trial judge failed to exercise his discretion, particularly in light of our holding that a "no benefit" finding is not required.

Affirmed.