Guy Wellman **HOLLOWAY, Jr.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21828.

United States Court of Appeals
Ninth Circuit.

April 12, 1968.

Guy W. Holloway, Jr., in pro. per.

Edward Davis, U. S. Atty., Lawrence Turoff, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

Guy Wellman Holloway, Jr., hereinafter appellant, has filed a timely appeal in this court from an order of the United States District Court for the District of Arizona denying without a hearing appellant's petition to vacate two convictions in the District of Arizona, the sentences on which have already been served. The appeal is in forma pauperis and in pro per. From the documents filed in the district court and in this court the following facts appear.

In December, 1961, appellant, represented by appointed counsel, pleaded guilty to a Dyer Act charge (18 U.S.C. § 2313) in the District of Arizona. Before sentence on that charge he apparently escaped and was recaptured. He was then charged with escape (18 U.S.C. § 751). It appears that at the time of appellant's arraignment in the District of Arizona on the escape charge there was some conversation between appellant's counsel and the United States attorney concerning another possible charge pending against appellant in the state of Texas, and of the possibility of that charge being heard and disposed of also by the Arizona District Court under Rule 20, Federal Rules of Criminal Procedure.[1] There was a short continuance of the arraignment to permit appellant's counsel to consult with the United States attorney, after which, appellant contends, his

---

1. Rule 20. * * *

 * * * A defendant arrested or held in a district other than that in which the indictment or information is pend-

ing against him may state in writing that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or in-

counsel advised him that the United States attorney would recommend concurrent sentences in all matters if appellant agreed that the Texas case might be transferred to the District of Arizona.

Appellant contends that he so agreed and upon that basis entered a plea of guilty to the escape charge. After this plea of guilty appellant's attorney requested that sentencing be deferred on both the Dyer Act charge and the escape charge until the time when the Texas Rule 20 charge could also be before the court. Accordingly, the date for sentencing was set for March 19, 1962. On this day appellant's counsel did not appear and a colloquy ensued between the court, appellant and the United States attorney concerning the pendency of the Rule 20 charge which at that time was not before the court. Appellant stated that he wanted "to get it all straightened up at the same time." In answer to a question by the court as to the Rule 20 charge the United States attorney stated "I know there was an investigation, but as far as I know there is no other charge." Appellant then stated, "No other charges? Okay, I just don't want to have to be coming back and forth if I could get it taken care of at one time." The court then proceeded to sentence appellant to five years imprisonment on the Dyer Act charge and five years imprisonment on the escape charge, the sentences to run concurrently.[2] No formal waiver of counsel appears in the record.

Two months later, while appellant was in custody, he was indicted in Texas on the charge there and was ultimately sentenced to four years imprisonment on that charge, such imprisonment to be consecutive to the two prior three-year concurrent sentences.

While the above contentions of appellant were not set out in his petition to vacate filed in the Arizona court in as much detail as we have set them out above, there were sufficient statements in his petition to show that he contended that a bargain had been made in reference to sentence recommendations and that this bargain had not been kept.

The petition filed by appellant in the district court was on a form supplied by the clerk of the district court and was entitled "Motion, Pursuant to Section 2255 * * *." However, in a later document filed in the district court in Arizona appellant requested the court to treat his motion "in the nature of a writ of error coram nobis" and he cited in that document the case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), which case authorized the filing of a petition for a writ of coram nobis after sentences have been completed.

The district court denied appellant's petition without a hearing indicating that it had no jurisdiction by reason of the fact that the sentences in the District Court of Arizona had been completed.

■■■■ We disagree. One of the purposes of coram nobis is to allow a defendant to attack a conviction notwithstanding the fact that he has completed sentence. United States v. Morgan, supra at 512, 74 S.Ct. 247. A defendant may be harmed by an invalid conviction even after he has served his sentence; i. e., subsequent conviction may carry heavier penalties, and his civil rights may be affected. Coram nobis must be kept available as a post-conviction remedy to prevent "manifest injustice" even where the removal of a prior conviction will have little present effect on the petitioner. See Mathis v. United States, 369 F. 2d 43 (4th Cir. 1966); see generally Note, 55 Geo.L.J. 851, 865–70 (1967). Here the appellant alleges that his guilty plea was induced by a "bargain" made with the United States attorney, and that that "bargain" was not kept. He is certainly entitled to a hearing to determine whether or not his prior conviction was

formation is pending and to consent to disposition of the case in the district in which he was arrested or is held, subject to the approval of the United States attorney for each district. * * *

2. The sentences were later reduced to three years on each charge to run concurrently.

based upon an involuntary guilty plea.[3] We do not deal here with a "moot" question; if appellant is successful in vacating the two earlier convictions, the three years he spent in jail on those convictions must be credited against his present term based on the Texas Dyer Act conviction, and he would thus be entitled to earlier release.

The case is remanded to the district court for further proceedings, during which appellant should be permitted to amend or amplify his prior contentions.

## CONCURRING OPINION

KOELSCH, Circuit Judge.

Unless Holloway can successfully establish a vital flaw in both the conviction on the Dyer Act charge and the escape charge, he is not entitled to a writ of *coram nobis*, for the sentences being concurrent, each causes the harm which is the necessary predicate for issuance of the writ.

The opinion indicates that Holloway's attack in the district court was directed against his conviction of the escape charge (which he asserted rested upon an involuntary plea); that not until the proceeding reached this court on appeal did he seek to question the Dyer Act conviction; and that he now suggests in his brief that the district court, at his arraignment for plea on the Dyer Act Charge (and likewise on the escape charge), failed to comply with the requirements of Rule 11, Fed.R.Crim.P. Thus, his first attack on both judgments is made in this court.

In ordinary circumstances, I suggest the orthodox procedure would be to simply affirm the judgment. However, it is perhaps better in this instance to confine the matter to one package and, without seeming to fault the trial judge, to remand the matter to the district court with directions to first afford Holloway a fair opportunity to amend his pleadings and, if he can and does, to then set aside the judgment and conduct further proceedings.

---

3. While not raised below, the appellant now also alleges that in taking his guilty plea to the escape charge the court did not comply with the requirements of Rule 11, Federal Rules of Criminal Procedure. See Heiden v. United States, 353 F.2d 53 (9th Cir. 1965). The court should allow appellant to be heard on this issue. The court should also consider appellant's contention that his guilty plea to the Arizona Dyer Act charge was taken in contravention of Rule 11, even though appellant raised this issue for the first time on appeal.