UNITED STATES of America

v.

Robert CARMICHAEL, Appellant.

No. 71–1218.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 11, 1972.

Decided Oct. 19, 1972.

---

938

Mr. Dickson R. Loos, Washington, D. C. (appointed by this Court), for appellant.

Mr. Leonard W. Belter, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, John A. Terry, Asst. U. S. Atty., and John Ellsworth Stein, Asst. U. S. Atty. at the time the brief was filed, were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and TAMM and WILKEY, Circuit Judges.

FAHY, Senior Circuit Judge:

The appeal is from convictions of first degree burglary, 22 D.C.Code § 1801(a) (1967), as amended (Supp. V 1972), and of two counts of assault with a deadly weapon, 22 D.C.Code § 502 (1967). The trial was before a judge alone, jury having been waived. Appellant was initially sentenced to imprisonment for five to fifteen years on the burglary count and three to ten years on each of the two assault counts, the sentences to run concurrently.

Two contentions are urged on the appeal, one that absent corroborating evidence the testimony of the complaining witnesses alone could not support findings of guilt; the other that it was prejudicial error for the judge to sentence appellant immediately following his convictions without benefit of a new presentence report.

As to the first contention, we have carefully reviewed the evidence and are satisfied of its adequacy to support the factual findings, except that a legal problem was presented by the finding of two assaults instead of one. In reviewing the evidence it appeared to us that under the principles of Ladner v. United States, 358 U.S. 169, 177, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958) there might have been but one assault. We accordingly requested of the parties supplemental memoranda directed to this problem. In response the United States, agreeing with appellant, advised the court, "that the evidence discloses a single act on the part of appellant directed simultaneously at [two persons, husband and wife] who were together in their bed. Hence only a single conviction for assault on two persons is supported by the evidence," citing United States v. Alexander, 152 U.S.App.D.C. ——, 471 F.2d 923 (1972).[1] We also agree. It follows that while the convictions of first degree burglary and of one assault with a dangerous weapon are affirmed, the

1. Accord, United States v. Lewis, 140 U.S.App.D.C. 345, 435 F.2d 417 (1970),   and Smith v. United States, 295 A.2d 60 (D.C.C.A. 1972).

sentences are vacated and the case is remanded for resentencing.

Since there is to be a resentencing for the above reason, we need not consider separately appellant's contention that the original sentences were erroneously imposed without benefit of "an up-to-date presentence report." The judge had considered only a presentence report dated October 23, 1969, and made available to him previously in connection with an earlier offense.

When appellant now comes before the court for resentencing some three years will have elapsed since the October, 1969 presentence report. In the interim, appellant will have served 16 months in Youth Correction facilities and 20 months in an adult institution.[2] In resentencing appellant the 1969 presentence report, due to the passage of such a considerable amount of time in the circumstances stated, is now inadequate.

■ The need for a presentence report, preferred by Rule 32(c) F.R.Crim. P., or a report pursuant to § 5010(e) of the Youth Corrections Act, is clearly indicated. Appellant, who was 20 years of age at the time of his present convictions, remains for the purposes of resentencing in the category of a Youth Offender. United States v. Carter, 225 F.Supp. 566 (D.D.C.1964). Accordingly, in now sentencing appellant the court is required to consider anew committing him for treatment under the Act, which envisages the utilization of a Youth Corrections facility unless a finding is made of the character described in § 5010(d) of the Act, under the standards set forth in United States v. Waters, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), and United States v. Ward, 147 U.S.App. D.C. 149, 454 F.2d 992 (1971). *And see*

United States v. Howard, 146 U.S.App. D.C. 10, 449 F.2d 1086 (1971).

Another matter is considered. A few days after the sentences in the present case were imposed on February 22, 1971, appellant wrote the judge a letter, stating in part the following: "I dont believe I can do 5 to 15 years and come out in my right state of mine. I am asking you to plese take back some of the time . . . ." A few days later, on March 3, 1971, the judge, perhaps in response, entered an order "that the sentence imposed by the court . . . on February 22, 1971, is to run concurrently with the sentence defendant is now serving in Criminal No. 787–69," that being the 1969 conviction for which sentence under the Youth Corrections Act had been imposed. Appellant is now confined at the adult reformatory at Lorton, as a result of his sentence as an adult on February 22, 1971. The March 3rd modification of those sentences, however, seems to indicate that the judge, in making the sentences concurrent, intended that appellant continue to be treated under the Youth Corrections Act until the expiration of the sentence under that Act. If so, appellant should now be in a Youth Corrections facility rather than in an adult facility. Then, if further detention should be required under the sentence now to be imposed for the 1971 convictions, appellant would complete the remaining term of such sentence. On the remand, opportunity for such clarification as may be desirable will be afforded.

The convictions of first degree burglary and for one assault are affirmed. The conviction of an additional assault is set aside. The sentences are vacated and the case is remanded for further proceedings consistent with this opinion.

2. On October 31, 1969, appellant was sentenced under 18 U.S.C. § 5010(b) of the Youth Corrections Act. Until July, 1970, he remained at the Youth Facility at Lorton. He was then transferred to the Youth Crime Control Center in this District. After his arrest on August 15, 1970 for the offenses now before us he was held in custody at this facility pending trial. Upon his convictions on February 22, 1971, appellant was sent to the adult reformatory at Lorton.