**Kermit Arthur BELGARDE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 73-2553.

United States Court of Appeals, Ninth Circuit.

Sept. 30, 1974.

Samuel M. Haskins, San Francisco, Cal., for petitioner-appellant.

Eugene A. LaLonde, Asst. U. S. Atty., Billings, Mont., for respondent-appellee.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

OPINION

PER CURIAM:

Belgarde appeals from an order denying his motion to vacate sentence under 28 U.S.C. § 2255. The sentence was life imprisonment on two counts of second degree murder to which he pleaded guilty after the charge was reduced from first degree murder.

Belgarde has had two previous § 2255 motions denied. In this third petition he raises two new points.

First, he seeks to lay the blame for the deaths of his two victims to others for delaying medical treatment, asserting that his trial was tainted by withheld evidence which established this fact. We agree with the district court that the point is without merit.

However, Belgarde's second contention requires that we reverse and remand. At the time he was sentenced, Belgarde was twenty years old and therefore eligible for sentencing under the Youth Corrections Act, 18 U.S.C. § 5010. As was within his power under § 5010(d), the trial judge sentenced Belgarde as an adult but without explicitly finding that Belgarde would not benefit from the sentencing alternatives available under the Act. In Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), the Court held such an explicit finding was required by § 5010(d).

Reversed and remanded for resentencing.