David Lowell REWAK,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–2213.

United States Court of Appeals,
Ninth Circuit.

March 12, 1975.

Mary M. Ash, Carl L. McConnell, San Mateo County Legal Aid Society, Redwood City, Cal., Warren Derbidge, Western Idaho Legal Aid, Boise, Idaho, for petitioner-appellant.

Sidney E. Smith, U. S. Atty., Boise, Idaho, for respondent-appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and JAMESON,* District Judge.

## OPINION

JAMES M. CARTER, Circuit Judge.

Petitioner David Lowell Rewak brought this petition for a writ of error coram nobis, alleging that he had been improperly sentenced pursuant to 18 U.S.C. § 3651 at a time when he was eligible for sentencing as a youth offender under 18 U.S.C. § 5010. Because his sentence had been completed in 1965, petitioner invoked the jurisdiction of the district court under the All Writs Statute, 28 U.S.C. § 1651. The district court denied the writ and petitioner brought this appeal. We reverse and remand for resentencing.

In 1963, petitioner was convicted of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. He was given an eighteen months suspended sentence and placed on probation for two years. Although the sentencing judge was aware of petitioner's age (19 years old), no mention was made of the possibility of sentencing him under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010. The Supreme Court recently held that a sentencing judge must make an explicit "no benefit" finding that an eligible defendant would not benefit from sentencing under the Act before imposing an alternative sentence under a different statute. Dorszynski v. United States, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974).

Petitioner claims that his adult criminal record is causing him difficulty in obtaining employment as a security guard and a nurse because his conviction bars him from obtaining a firearm permit for work as a guard or licensing as a nurse. His petition seeks to obtain resentencing under the Act, enabling him to attempt to persuade the sentencing court to give him an early termination from probation under 18 U.S.C. § 5021, thereby clearing his record.

The district court, writing prior to the Supreme Court decision in Dorszynski, supra, held that petitioner had been improperly sentenced under this court's decision in United States v. Jarratt, 471 F.2d 226 (9 Cir. 1972), but declined to issue the writ. The court reasoned that coram nobis was only available to protect against "manifest injustice"; and, in view of the fact that petitioner had a bad prior record as a juvenile and had committed a misdemeanor while on federal probation, it was most unlikely that he would have been given an early discharge if he had been sentenced under the Act. Petitioner contends first, that Dorszynski should be retroactively applied, and second, that his good record from 1965 until the present would be considered at any resentencing and would create a substantial likelihood of his early discharge.

## RETROACTIVE APPLICATION OF DORSZYNSKI

In Belgarde v. United States, 503 F.2d 1054 (9 Cir. 1974), this court applied Dorszynski to a sentencing that had oc-

* Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

curred prior to the date of that decision. The question of the retroactivity of *Dorszynski* was neither raised nor discussed and, accordingly, *Belgarde* may not be controlling on the question of whether *Dorszynski* should be applied prospectively only. However, Rewak's petition on collateral attack was pending when the Supreme Court spoke in *Dorszynski*.

Further, the court below found that not only had the sentencing court failed to make an explicit "no benefit" finding, but that such a finding could not even be implied from the record as a whole, as required by *Jarratt, supra*. We conclude that the district court was correct in holding that petitioner had been improperly sentenced under *Jarratt*.

Accordingly, we do not reach the issue of the retrospective application of *Dorszynski*, and dispose of the case on the *coram nobis* issue.

### ISSUANCE OF THE WRIT OF ERROR CORAM NOBIS

The district court, applying *Jarratt, supra*, held that the petitioner had been improperly sentenced, but also held that he had not demonstrated the requisite "manifest injustice" for the issuance of a writ of error coram nobis. This decision was based on the court's belief that petitioner's bad prior record as a juvenile and his conviction of a misdemeanor during his federal probation would most likely have precluded his achieving early release from probation even if sentenced under the Act in 1963. Therefore, he had not suffered a "miscarriage of justice" due to the failure to sentence him under the Act.

 The district court erroneously assumed that resentencing must be based solely upon the facts as they existed in 1963 to 1965, whereas it is a common practice in resentencing to take into consideration events and conduct occurring subsequent to the original sentence. The required pre-sentence report must be up-to-date. United States v. Carmichael, 152 U.S.App.D.C. 197, 469 F.2d

937, 939 (1972). And, a harsher sentence on resentencing must be justified by reference to conduct of the defendant occurring subsequent to the original sentencing. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969). Upon resentencing, then, the sentencing court will be free to take into account the evidence marshalled by petitioner in support of his "rehabilitation", and to give it such weight as the court deems just.

On the present record petitioner has alleged, uncontradicted by the Government, that his criminal record handicaps him in obtaining employment as a security guard or a nurse. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) and Holloway v. United States, 393 F.2d 731 (9 Cir. 1968) both indicated the importance of collateral consequences in determining whether to issue a writ of error coram nobis. In *Holloway, supra*, the court stated that "[o]ne of the purposes of coram nobis is to allow a defendant to attack a conviction notwithstanding the fact that he has completed sentence." 393 F.2d at 732. *See Morgan, supra*, 346 U.S. at 512, 74 S.Ct. at 253 ("Although the term has been served, the results of the conviction may persist").

Petitioner also claims that he has rehabilitated himself, and has presented uncontradicted supporting affidavits. *Dorszynski* noted that the benefits of sentencing under the Act extend even to those whose previous sentences had expired, for they could request resentencing under the Act and perhaps achieve early termination and expungement of their records. *Dorszynski*, 418 U.S. at 429, 94 S.Ct. at 3046, n. 6. In light of the strong Congressional policy in favor of the potential rehabilitation of youthful offenders, *id.* at 433, 94 S.Ct. at 3048, the failure of the original sentencing court to make an explicit (or even implicit under *Jarratt*) "no benefit" finding, and the uncontested matter in the petition and petitioner's supporting affidavits, we conclude that petitioner has

demonstrated the requisite "manifest injustice" for the issuance of the writ.

Petitioner may not avail himself of 28 U.S.C. § 2255 as did Dorszynski. The extension of the rehabilitative goal of the Act to those who have completed their sentences and petitioner's inability to obtain desired employment warrant issuance of a writ of error coram nobis in this case.

The judgment of the district court is reversed and the cause remanded for re-sentencing.