**Herman Lee McCRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 75–1412.**

United States Court of Appeals,
Fourth Circuit.

Argued May 6, 1976.

Decided Oct. 21, 1976.

James W. Freeman, Third-Year Law Student (Randall M. Chastain, Columbia, S.C. [court-appointed counsel], on brief), for appellant.

James A. Oast, Jr., Asst. U.S. Atty., Norfolk, Va. (William B. Cummings, U.S. Atty., Norfolk, Va., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

On June 26, 1974, the Supreme Court in *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855, held that a convicted offender who is less than twenty-two years of age must be sentenced to treatment under the Youth Corrections Act[1] unless the District Court makes an "explicit" finding that the defendant would not derive benefit from such treatment.[2]

The petitioner in this case was convicted on December 9, 1969, of the crime of bank robbery and sentenced to twenty years' imprisonment. The petitioner at the time of sentence was twenty-one years of age. The District Court, however, did not make at the time of sentencing an "explicit" finding in the record that the defendant would not benefit from treatment under the Federal Youth Corrections Act. Later, after the decision in *Dorszynski*, the defendant filed this petition for relief pursuant to 28 U.S.C. § 2255, because the sentencing judge had not considered the Federal Youth Corrections Act at the time of his sentencing. The District Court dismissed the petition. In dismissing the petition, the District Court declared that there was no constitutional issue asserted by the petitioner. Implicit in that ruling was the assumption that *Dorszynski* was not to be applied retroactively. This appeal followed. We remand.

■ We have consistently remanded similar cases for compliance with the requirements of the Act after the decision in *Dorszynski*, even though the sentencing had taken place before that decision. In effect we applied *Dorszynski* retroactively in these cases.[3] We see no reason to depart from the rule we have been following that *Dorszynski* is to be applied retroactively.[4]

■ The case is accordingly remanded in order that the defendant may be resentenced after giving consideration to the Youth Corrections Act. The record for such sentencing should be updated so that the court may take into consideration the defendant's conduct since sentencing in 1969, as well as any evidence "marshalled by petitioner in support of his 'rehabilitation.'" *See, Rewak v. United States* (9th Cir. 1975) 512 F.2d 1184, 1186.

VACATED AND REMANDED.

---

1. 18 U.S.C. § 5010(d).

2. The Youth Corrections Act had been construed in this Circuit before *Dorszynski* as requiring a convicted offender less than twenty-two years of age, to be sentenced to treatment under the Act, unless the District Court made a finding, either explicitly or implicitly in the record, that the defendant would not benefit from treatment under the Act. *Cox v. United States* (4th Cir. 1973) 473 F.2d 334, *cert. denied* 414 U.S. 869, 94 S.Ct. 183, 38 L.Ed.2d 116.

3. *United States v. Bailey* (4th Cir. 1975) 509 F.2d 881; *United States v. Flebotte* (4th Cir. 1974) 503 F.2d 1057.

4. Other circuits have held *Dorszynski* retroactive: *Brager v. United States* (8th Cir. 1975) 527 F.2d 895, 898; *Sappington v. United States* (8th Cir. 1975) 518 F.2d 28, 29; *United States v. Scheffer* (5th Cir. 1975) 506 F.2d 922, 923 (opinion later withdrawn and appeal dismissed as moot); *Belgrade v. United States* (9th Cir. 1974) 503 F.2d 1054 (applied retroactively without discussion).