Correll COLE, Appellant,

v.

UNITED STATES, Appellee.

No. 11559.

District of Columbia Court of Appeals.

Argued Dec. 7, 1977.

Decided March 28, 1978.

Mady Gilson, Public Defender Service, for appellant.

Edward D. Ross, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, and W. Randolph Teslik, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

In 1972, appellant pleaded guilty to two counts of armed robbery,[1] and one count of assault with intent to commit rape while armed.[2] He was sentenced on two counts to two fifteen-year terms under § 5010(c) of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 et seq. (hereinafter, FYCA). On the third count, the trial court imposed an adult sentence of ten to thirty years, with execution suspended, and placed appellant on adult probation for five years.

Appellant was paroled from his FYCA sentences in February 1975. After appellant was tried and convicted of a robbery committed while he was under the supervision of correctional authorities, the trial court held a show cause hearing to decide whether appellant's probation should be revoked. Pursuant to Super.Ct.Cr.R. 35, appellant filed a Motion to Correct an Illegal Sentence, requesting that the adult sentence be vacated and replaced by an FYCA commitment. Although the government conceded the illegality of the original sentence, the trial court denied appellant's motion, revoked his probation, and ordered execution of the adult sentence.

The trial court's written opinion noted that its conclusion at the time of the original sentencing was that appellant would benefit from an FYCA sentence. However, the court also reiterated its opinion that imposition of the adult sentence was the only method of guaranteeing adequate supervision of appellant should he violate an eventual FYCA parole. The court indicated its dissatisfaction with the parole board's "woefully inadequate" monitoring process and its "generous" and "irresponsible" decisions with respect to rearrested felons.

Although we think the trial court sought a commendable objective, we must hold that the method used was a legal impossibility. Under 18 U.S.C. § 5010, if the trial court decides that the youthful offender[3] will benefit from FYCA treatment, it has three alternatives: probation under § 5010(a), or commitment under either § 5010(b) or § 5010(c). On the other hand, an adult sentence pursuant to § 5010(d) may be imposed only if the court determines that the offender will not benefit from FYCA treatment.[4] Here, the trial court made an explicit finding that appellant would benefit from FYCA treatment. Accordingly, it consistently could not impose a valid adult sentence, because that requires a finding of no benefit. An offender cannot be sentenced both under the FYCA and as an adult; the two alternatives are mutually exclusive.

As to the possibilities for resentencing on remand, it seems clear that once the trial court has found likely benefit for the accused and thus chosen to impose sentence under the FYCA, the only possible legal sentence on the third count is under the FYCA. The imposition of an illegal sentence cannot give the trial court the authority to do now what it could not have done originally.[5]

---

1. D.C.Code 1973, §§ 22–2901, –3202.

2. D.C.Code 1973, §§ 22–501, –3202.

3. A "youthful offender" is defined in 18 U.S.C. § 5006 as a person under the age of twenty-two at the time of conviction.

4. *United States v. Waters*, 141 U.S.App.D.C. 289, 437 F.2d 722 (1970), required a trial court to make an explicit finding that the youthful offender would not benefit from FYCA treatment before it imposed an adult sentence. *Accord, Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974) (decided after appellant was sentenced). *See also Smith v. United States*, D.C.App., 330 A.2d 519 (1974).

5. The dissent cites four cases from federal appellate courts which stand for the proposition that when a trial court resentences an individual eligible for FYCA treatment, it may consider events occurring since the imposition of an invalid sentence. *Jenkins v. United States*, 555 F.2d 1188 (4th Cir. 1977); *McCray v. United States*, 542 F.2d 1246, 1247 (4th Cir. 1976); *Rewak v. United States*, 512 F.2d 1184, 1186 (9th Cir. 1975); *United States v. Carmichael*, 152 U.S.App.D.C. 197, 469 F.2d 937 (1972). In the first three cases, the resentencing was required because the trial courts imposed adult sentences without making the "no benefit" finding requisite under *Dorszynski v. United States*, supra note 4. In the fourth case, *United States v. Carmichael*, supra, the appellant was

■ We note that the subsections of 18 U.S.C. § 5010 also are mutually exclusive. If the court finds that the youthful offender does not need commitment, it may utilize only subsection (a) to impose probation. Treatment under subsection (b) is exclusive of treatment under subsection (c), because commitment under the latter requires a finding that the offender will not derive maximum benefit from a commitment of less than six years. Thus, on remand, a sentence under subsection (c) is the only permissible sentence.

Accordingly, we reverse the denial of appellant's motion, vacate his adult sentence, and remand to the trial court with instructions to resentence appellant under 18 U.S.C. § 5010(c).

*Reversed and remanded.*

KERN, Associate Judge, dissenting:

This unusual case is most clearly understood when the chronology of events leading up to the instant appeal is charted.

*Summer of 1972*—Four separate and distinct crimes committed.

*September 1972*—Appellant indicted on 16 counts encompassing the four crimes and including four counts of armed robbery and four counts of rape and assault with intent to commit rape.

*December 1972*—Appellant pleads guilty to three counts, each relating to a separate criminal incident.

*March 1973*—Trial judge finds appellant would benefit from treatment under the Federal Youth Corrections Act (FYCA) and commits him pursuant to Section 5010(c) for treatment on *two* of the counts.

Trial judge on the *third* count sentences appellant as an adult to ten to 30 years of imprisonment but suspends execution of this sentence and places him on probation for five years.

*January 1975*—Appellant, while under supervision by youth authorities, commits a robbery.

*February 1975*—Appellant indicted for robbery of January 1975.

*August 1975*—Jury convicts appellant of January 1975 robbery.

*January 1976*—Appellant, after an FYCA evaluation, *is sentenced as an adult* to serve a term of imprisonment for the January 1975 robbery upon a finding of the trial court that he would *not* benefit by Federal Youth Act treatment.

*March 1976*—Appellant commences to serve a sentence of imprisonment as an adult for the January 1975 robbery.

Appellant moves to correct adult sentence imposed on third count in March 1973 by the trial judge.

*October 1976*—Trial judge refuses to alter his 1973 sentence.

Trial judge also states that were he imposing sentence now he would sentence appellant as an adult since he could not find appellant would presently benefit from FYCA treatment.

Appellant succinctly states both his contentions on this appeal and the government's response (Reply Brief at 1):

First, . . . once the trial court [in 1973] had sentenced appellant on two counts under § 5010(c) . . . it was *precluded* from imposing an adult sentence on the third count. Second, if the adult sentence on the third count is vacated by this Court, the *only option* open to the trial court upon remand for resentencing on that count is a third sentence under § 5010(c) of the Youth Act.

The Government concedes the first issue, agreeing with appellant that the adult sentence on the third count was "clearly illegal." Brief for Appellee at 7. The only issue that remains, then, is what

---

sentenced as an adult to five to fifteen years on a burglary count and three to ten years on each of two assault counts, the sentences to run concurrently. The court ruled that the evidence supported a conviction of only one assault, not two, and accordingly, set aside the

second assault conviction, vacated the sentences and remanded for resentencing on the two remaining counts. We deem those cases inapposite to the issue here for in none of them was the appellant ever found likely to benefit from FYCA treatment, as was appellant.

sentence the trial court may now impose on this count upon remand for resentencing.

The Government, in contending the trial court may impose a straight adult sentence without reference to the initial imposition of the two § 5010(c) sentences, poses the issue presented as follows:

> Whether, when requested to correct an illegal sentence long after imposition, a sentencing court is *prohibited* from re-evaluating an offender at the time of the request on the basis of misconduct occurring subsequent to imposition of the original sentence. [Emphasis added; footnote omitted.]

Appellant further states (Reply Brief at 1–2):

> Appellant concedes that generally the sentencing court may consider such subsequent misconduct upon resentencing. *See North Carolina v. Pearce,* 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969). However, appellant contends that here, because of considerations *peculiar to the Youth Corrections Act,* the original imposition and continuing validity of the two § 5010(c) sentences preclude the imposition on remand of any sentence other than a third § 5010(c) commitment. [Emphasis added.]

The majority concludes in this case (at 652):

> As to . . . resentencing on remand . . . once the trial court has found likely benefit for the accused and . . chosen to impose sentence under the FYCA, the only possible legal sentence on the third count is under the FYCA.

Thus, the trial judge on remand for resentencing in 1978 is being directed by us to ignore the following relevant events that have occurred during the four years and 11 months since the imposition of the invalid sentence:

1. Appellant, while undergoing Youth Act treatment, committed a robbery in January 1975;

2. Appellant was evaluated after conviction of the 1975 robbery for the purpose of determining whether he would benefit by Youth Act treatment and a trial judge concluded he would not; and

3. Appellant is presently serving an adult sentence of imprisonment.

Three federal circuit courts of appeals have, in remanding for resentencing a defendant eligible for Youth Act treatment, directed the trial court to consider events and circumstances occurring *since* the original invalid sentence. *Jenkins v. United States,* 555 F.2d 1188, 1190 (4th Cir. 1977); *McCray v. United States,* 542 F.2d 1246, 1247 (4th Cir. 1976); *Rewak v. United States,* 512 F.2d 1184, 1186 (9th Cir. 1975); *United States v. Carmichael,* 152 U.S.App. D.C. 197, 199, 469 F.2d 937, 939 (1972). Indeed, in *Carmichael* (at 199, 469 F.2d at 939), the circuit court here not only directed the sentencing judge to update the information concerning the young defendant but expressly commented that the judge in resentencing might *either* order FYCA treatment *or* impose an adult sentence.[1]

The trial judge in the instant case has done exactly that which the circuit court prescribed in *Carmichael.* Specifically, the trial judge has stated after hearing argument on appellant's motion to alter the sentence:

> When this Court sentenced Mr. Cole three years ago, he had just turned seventeen. He had no prior significant involvement, he spontaneously confessed these offenses to an officer on the street; he pled guilty personally admitting his guilt in open court; finally, all who professionally evaluated Mr. Cole recommended some sort of specialized treatment. It was this particular combination of factors as well as the Court's reaction

---

1. The exact language of the court of appeals was:

> [The judge is] required to consider anew committing him for treatment under the Act [FYCA] . . . *unless* a finding is made of the character described in § 5010(d) of the Act, under the standards set forth in *United States v. Waters* . . . . [Emphasis added.]

to the defendant during various exchanges with him, that led the Court to agree to a Federal Youth Corrections Act term.

Mr. Cole is now twenty years old; nineteen at the time of the rearrest for robbery. He was tried, convicted and sentenced to an adult term by another judge of this Court who considered various sources of information, including a probation department pre-sentence study and an update from Lorton Youth Center and the Community Treatment Center at which Mr. Cole was in his pre-parole release status. While the reports were not devastating, they did not describe excellent adjustment. The tone was rather that despite certain problems, "marginal" adjustment and disciplinary infractions, the defendant should be continued at the Youth Center. One judge heard the evidence in this case, considered this background information, and disagreed with those recommendations. [Record at 120–21; footnote omitted.]

\* \* \* \* \* \*

Here, the defendant's age, clearly at the very upper range in the youth facilities, his limited progress there, his subsequent felony conviction and adult sentence, all weigh heavily against another Youth Act commitment. Basically, it would not make sense. [Record at 123.]

I am not persuaded by appellant's assertion that "considerations peculiar to the Youth Corrections Act" now *require* the trial court on remand to ignore the general rule of sentencing described above. Appellant would construe the Act as (1) *narrowing* the discretion of the sentencing judge on remand, and (2) *requiring* him to ignore relevant events of the last few years. The Supreme Court, however, has expressly viewed the Act as intended to enlarge, not narrow, the options of a sentencing judge.

The legislative history clearly indicates that the Act was meant to enlarge, not restrict, the sentencing options of federal trial courts in order to permit them to sentence youth offenders for rehabilitation of a special sort. [*Dorszynski v. United States,* 418 U.S. 424, 436, 94 S.Ct. 3042, 3049, 41 L.Ed.2d 855 (1974).] [2]

Equally important, the patent inconsistency that arose in 1973 by reason of the sentencing judge at one and the same time ordering Youth Act treatment for appellant on *two* of the crimes he had committed and an adult sentence on the *third* crime to which he pled guilty has been eliminated by the course of events since then. Appellant has committed yet another crime for which he is *presently* serving an adult sentence in prison upon an explicit finding of "no benefit" after an FYCA evaluation.

For these reasons, I cannot join in ordering the trial court on remand to close its eyes to what is, and act only upon what was almost five years ago. I respectfully dissent.

---

2. In *Durst v. United States,* —— U.S. ——, 98 S.Ct. 849, 55 L.Ed.2d 14 (1978), the Supreme Court reiterated that the objective of the FYCA was in no way to reduce the options of a sentencing judge, yet we appear in the instant case to be mandating the trial court to ignore significant events in the life of appellant and to impose sentence on remand quite mechanically.