**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Sergio BOJORQUEZ–VILLAGRANA,**
**Defendant-Appellant.**

**No. 83–1077.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1984.

Decided Jan. 27, 1984.

Rhonda Repp, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Francisco Leon, Asst. Fed. Public Defender, Tucson, Ariz., for defendant-appellant.

Before GOODWIN, PREGERSON and NELSON, Circuit Judges.

PER CURIAM.

An alien who was deported following a 1971 conviction for a controlled substance offense was rearrested in 1982 as a deported alien and now appeals the refusal of the district court to grant a writ of error *coram*

*nobis*[1] to reopen his 1971 case and resentence him under 18 U.S.C. §§ 5005 *et seq.* (the Federal Youth Corrections Act). We affirm.

The petitioner relies upon *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), which makes it unlawful to impose an adult sentence upon a youth offender unless the sentencing judge first makes a finding, on the record, pursuant to 18 U.S.C. § 5010(d) that the offender will derive no benefit from the special provisions of §§ 5010(b) and (c). *Dorszynski* applies to all sentences thereafter imposed upon persons defined in 18 U.S.C. § 5006(d) as youth offenders, but until today this court has had no occasion to decide whether *Dorszynski* must be applied retrospectively to sentences imposed before *Dorszynski* and not under challenge by appeal or by collateral attack[2] on *Dorszynski* grounds when *Dorszynski* was decided.

■ The Seventh Circuit, examining this question, decided that *Dorszynski's* requirement of an explicit finding on the record should not be applied retrospectively to sentences imposed prior to the date of the *Dorszynski* decision. *Lawary v. United States,* 599 F.2d 218, 225 (7th Cir.1979).[3] We agree.

Counsel have cited no authority for the proposition that a sentence, lawful when imposed, and fully served, as a penalty for an unchallenged conviction, can be attacked collaterally and expunged because the sentencing judge failed to anticipate *Dorszynski.*[4] Unlike *Rewak v. United States,* 512 F.2d 1184 (9th Cir.1975), and *United States v. Jarratt,* 471 F.2d 226 (9th Cir.1972), there is no indication here that a finding of "no benefit" under § 5010(d) cannot be implied from the record as a whole. Lack of reference to the Act in the presentence report provided to the court does not indicate that the court itself failed to consider sentencing under the Act. Although the court chose to sentence Bojorquez as an adult, the court's awareness of its options for sentencing under the Act may be inferred from reference to provisions of the Act on the criminal minutes form entered on November 6, 1972. Because Bojorquez's initial sentencing was proper, we need not reach the question of manifest injustice that could cause a district court to issue a writ of error *coram nobis* for resentencing. *Rewak,* 512 F.2d at 1186.

■ Moreover, even if we were to explore the equities, this is not the case in which to order resentencing eleven years after the case was closed. The Federal Youth Corrections Act is designed to provide to youth offenders, during their youth, "corrective and preventive guidance and training designed to protect the public by correcting [their] antisocial tendencies." 18 U.S.C. § 5006(f). Bojorquez is well past the age at which the Act's rehabilitative intent is directed, and his present effort to obtain

1. We held in *Rewak v. United States,* 512 F.2d 1184, 1186 (9th Cir.1975), that because *coram nobis* will lie to attack an illegal conviction in order to avoid manifest injustice, the same remedy will reach an illegal sentence after it has been served, if the collateral consequences to the petitioner are sufficiently important.

2. In *Belgarde v. United States,* 503 F.2d 1054 (9th Cir.1974), we applied *Dorszynski* to an adult sentence upon which the collateral attack was apparently pending before this court when *Dorszynski* was decided. We did not in *Belgarde* consider the retrospective application of *Dorszynski* to cases that had been closed prior to *Dorszynski. See Rewak v. United States,* 512 F.2d at 1186.

3. For the positions other circuits have taken, see cases cited in *Lawary v. United States,* 599 F.2d 218, 219 n. 1 (7th Cir.1979).

4. In *United States v. Jarratt,* 471 F.2d 226, 230 (9th Cir.1972), we observed by way of dictum in a remand for other reasons that it would be a better sentencing practice to make the § 5010(d) finding a part of the record. *Dorszynski* subsequently made that dictum binding upon the district courts. Prior to *Dorszynski,* the failure to make a specific § 5010(d) finding a part of the sentencing record appears to have been an occasional assignment of error on a direct appeal, but does not appear to have been a basis for collateral attack upon completed sentences in this circuit because relief under 28 U.S.C. § 2255 is available only to persons still in custody.

permanent legal status in this country has no relation to the Act's purpose.

Affirmed.