**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30215 |
| Plaintiff - Appellee, | D.C. No. 3:10-po-00120-MHW-1 |
| v. | |
| RICARDO DANIEL RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted August 6, 2012[**]
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Appellant Ricardo Daniel Rodriguez challenges his conviction for

misdemeanor assault in Indian country. We have jurisdiction pursuant to 28

U.S.C. § 1291, and affirm the district court.

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rodriguez argues that his counsel was ineffective for failing to request a jury instruction covering self-defense and defense of others. We disagree. We reach this issue on direct appeal despite the general rule precluding such review because the record is sufficiently developed to determine that Rodriguez's counsel was not ineffective. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir. 2009).

Rodriguez's action of charging Talbott after Talbott backed away negates any claim of self-defense or defense of others. *See* Ninth Circuit Model Criminal Jury Instructions, 6.8, Self-Defense*; see also Williams v. Woodford*, 384 F.3d 567, 610-11 (9th Cir. 2004), *as amended* (holding that counsel need not put on a defense that is unsupported by credible evidence).

Rodriguez also contends that the Magistrate Judge abused his discretion by admitting evidence concerning the shooting of the defendant and his companion. However, the fact that Talbott used his firearm and that the assault ended only after he used it, was relevant evidence of the seriousness of the assault. " *See* Fed R. Evid. 401; *see also United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004) ("Trial judges have wide discretion in determining whether evidence is relevant. . . .") (citation and internal quotation marks omitted).

Rodriguez argues further that there was not sufficient evidence to support the Magistrate Judge's denial of the motion for acquittal or to support the jury's

verdict. This argument also fails because a reasonable jury could draw the inference that Talbott's injuries resulted from wounds he sustained when Rodriguez tackled, choked, and wrestled Talbott. *See United States v. Rosales*, 516 F.3d 749, 752 (9th Cir. 2008) ("Viewing the evidence in the light most favorable to the prosecution requires us to presume that the trier of fact resolved any conflicting inferences in favor of the prosecution.") (citation, alterations, and internal quotation marks omitted).

**AFFIRMED.**

United States v. Rodriguez, No. 11-30215

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in part and dissent in part.

With respect to the claim of ineffective assistance of counsel, I would follow our general rule, which is not to decide such a claim on direct review. United States v. Rahman, 642 F.3d 1257, 1259–60 (9th Cir. 2011). Rodriguez could bring this claim through a petition for a writ of error coram nobis. Holloway v. United States, 393 F.2d 731, 732 (9th Cir. 1968). In my view, it is not entirely clear, without the presentation of additional evidence, that counsel's performance could not have been deficient.

In all other respects, I concur fully.