Gregory M. CHANDLER,
Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 75-1738.

United States District Court,
D. New Jersey.

Oct. 8, 1975.

———◆———

Gregory M. Chandler, pro se.

Application was dismissed; no attorney for defendant.

## OPINION

BIUNNO, District Judge.

Chandler is a federal prisoner, sentenced in this court to a term of 6 years, and eligible for parole at such time as the board of parole may determine, under 18 U.S.C. § 4208(a)(2). He was indicted for 3 separate bank robberies with intimidation (threat to kill with a gun) in violation of 18 U.S.C. § 2113(a), which carries a maximum penalty of 20 years imprisonment, a $5,000. fine, or both. The robberies were charged to have occurred at 3 different banks on 3 different dates while on parole from a 5-year sentence for larceny. Chandler pleaded guilty to Count 1, and the other counts were dismissed at sentencing in accordance with plea negotiations.

He has sent papers directly to the court, and although irregular in form their tenor clearly indicates an intent to make a motion under 28 U.S.C. § 2255. The clerk has been directed to file them without prepayment of fee, *in forma pauperis*.

Chandler's objection to the sentence is grounded on *Dorszynski v. U. S.*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). In that case the court ruled that while the Youth Corrections Act (18 U.S.C. §§ 5005–5026), which applies to persons under age 22 at the time of conviction (i. e., at sentence), does not in any way restrict the discretion and flexibility of a trial court to sentence under either that act or as an adult, the trial court must consider that option and in fact exercise its discretion in order to make certain that the option is not overlooked. The performance of this function is to be evidenced by an explicit finding that the defendant will not derive benefit from treatment under 18 U.S.C. § 5010(b) or (c).

As the court's opinion discloses, reliance on a finding which is implied from what was done is unsatisfactory from the standpoint of appellate review, since that approach would involve the further step of appellate determination of what elements constitute a sufficient showing of an implied finding.

The minority opinion agreed with the result, but was of the view that in addition to the finding of "no benefit", the trial court should also be required to set out the reasons for the finding.

The issue raised involves another in a series of rulings by appellate courts in regard to matters of procedure and practice in the trial courts. The subject is not dealt with in the Rules of Criminal Procedure, either as they stand or as revised to take effect December 1, 1975. The pending bill to revise the criminal code and the rules of criminal procedure, S. 1, introduced January 15, 1975, does not appear to address this question at all (there is no parallel reference table to assist in checking existing statutes affected, but a review of the bill's 753 pages discloses no reference to the Youth Corrections Act, although juvenile delinquency is dealt with in Chapter 36).

■ In approaching the question raised, the court has begun with a consideration of the scope of the motion, as indicated by Congress in 28 U.S.C. § 2255. Under that section, the first step is to examine the point at issue in the light of three sources: (1) the motion, (2) the files of the case and (3) the records of the case. If those sources conclusively show that the prisoner is entitled to no relief, that is the end of the matter and the motion is denied. If those sources do not so show, then notice

is to be given to the U.S. Attorney, a hearing granted, and the issues determined with findings of fact and conclusions of law.

From a review of these three sources, it is conclusively shown that Chandler is entitled to no relief, and the motion will be denied. The material on which this finding rests is as follows:

1. The files of the court include the presentence report, and a sentence sheet which the court prepares when it reviews the report, and which it uses in its conference with the probation office, before sentence.

2. The sentence sheet contains spaces for favorable and unfavorable data, a tentative choice of sentences, the recommendation made at the conference with the probation office, additional factors related to sentence, and then the decision as to sentence.

3. The entry in the files for tentative sentence shows: "18 USC 5010: 4 to 6 under (b); more than 6 under (c). Or 18 U.S.C. 2113(a), 8 yrs."

4. The entry under recommendation shows "6 yrs 4208(a)(2)."

5. The entry under additional factors shows "Needs to be shaken up. Has not learned tho will be 22 in April. DK what will be done on parole violation (N.J.). Can't get drugs in prison. (a)(2) gives chance to work out earlier than 5010."

6. The entry under sentence shows "Form (15). Will not derive benefit from treatment under 5010." [The reference to Form (15) is to the sentencing form for a term sentence under 4208(a)(2)].

■ Thus, the files in the case, which 28 U.S.C. § 2255 direct be examined, conclusively show (a) that sentencing under the Youth Corrections Act was in fact considered and discussed, (b) that a finding was made that Chandler would not benefit from such a sentence, and (c) the reasons considered in making that finding.

These matters do not appear in the verbatim transcript of the proceedings when Chandler was sentenced. In fact, that transcript discloses that Chandler was not 2 months short of age 22, but that he was then 24. His counsel so stated, and Chandler made no objection or correction.

■ Of course, if Chandler was 24 at sentence, the whole point of the motion is lost because *Dorszynski* would not apply. The Youth Corrections Act, there involved, applies only to persons under age 22 [18 U.S.C. § 5006(e)]. For persons who are aged 22 or more and under 26 (i. e., age 24), there is another option available to the court under 18 U.S.C. § 4209 (young adult offenders).

■ That option is to impose a treatment sentence under 18 U.S.C. 5010, even though defendant be 22 or over, so long as he is under 26. But the language of the section makes clear that this option may not be used unless there be a positive finding that "there is reasonable grounds [sic] to believe that the defendant *will benefit* from the treatment. . ." (Emphasis added). No such finding was made, and so 18 U.S.C. § 4209 does not apply.

Whether Chandler was 2 months short of age 22, or whether he was 24, it is not necessary to determine. The preparation for sentence assumed he was nearly 22, and an explicit finding was made that he would not benefit from treatment, as *Dorszynski* requires. If he was in fact 24, his adult sentence is not open to attack and the court was free to impose it since there was no finding that there were reasonable grounds to believe that he would benefit from treatment.

■ It is also noted, in passing, that much of what any trial court considers in reviewing a presentence report, in its conference with the probation office, and at the sentence proceeding itself, is hearsay. But the rules of evidence, except for matters of privilege, have never applied to sentence proceedings. This

view is formalized in Fed.Ev.Rule 1101(d)(3), and see the Advisory Committee's Note to that provision.

Chandler's moving papers also anticipate the potential question of retrospective application of *Dorszynski*, which was decided June 26, 1974, while Chandler was sentenced in February of that year. The issue is moot, because the files of the court conclusively show that the explicit finding which *Dorszynski* calls for was in fact made. For the sake of completeness, the point should be addressed.

*Dorszynski* is silent on the question of retrospective application. The two opinions contain nothing by way of data which a court would consider before addressing the question of retrospective application. Rather, the flavor of the opinion, cast as it is in terms of the difficulties of appellate review in cases where there has not been an explicit finding, is one that is concerned with the formalities, procedures and record-keeping details of the courts rather than with any matter of substance. The action taken was to remand to the District Court for further proceedings consistent with the opinion. That remand would be satisfied by a further review by the trial court and the making of the specified explicit finding. That step could be accomplished on the basis of the material the court already had, and without having the prisoner appear again before the court. Congress has explicitly provided, in 28 U.S.C. § 2255 that:

"[The] court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

■ In this context, the decision in *Dorszynski* must be taken as prospective only. The appellate courts, including the Supreme Court, are well aware of the difficulties of processing the day-to-day workload of the trial courts, not to mention additional administrative and operating problems arising from the Speedy Trial law, 3-judge courts, and the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. §§ 2601 to 2616), which creates two new federal offenses and establishes a new federal jurisdiction for civil claims as small as $250.

Retrospective rules of law, in whatever branch of government they originate, offend the basic meaning of justice more intensely than any other single area of the law, and they offend it most when they involve no more than legal technicalities of procedure or methodology.

■ Were it not for the fact that the files of the court conclusively show that Chandler is entitled to no relief, it would be this court's conclusion of law that *Dorszynski* does not apply retrospectively. In those instances where the legislative branch is allowed to enact retrospective laws, it is the usual rule that in order to exercise that power it must do so explicitly. It is entirely reasonable to hold the judicial branch to the same standard. In the absence of an explicit statement in *Dorszynski* that it is intended to apply retrospectively, it and like rulings will be applied prospectively only.

To paraphrase what was said there,

"If retrospective application may be implied from the opinion, trial courts must go on to determine what constitutes a requisite showing of implication."

Even if that fearful burden were to be imposed on the trial courts, a careful reading of the opinions of both majority and minority discloses that the subject was not addressed at all, and to draw any implicit finding would be what Mr. Justice Holmes called "churning the void to make cheese."

The motion is denied, and a separate paper embodying that order will be entered.