**Cardova LAWARY, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 78–2394.

United States Court of Appeals,
Seventh Circuit.

Argued May 1, 1979.
Decided May 25, 1979.

Frank Sabatino, Student at the University of Notre Dame Law School, Notre Dame, Ind., for petitioner-appellant.

Mary B. Beauparlant, Asst. U. S. Atty., East St. Louis, Ill., for respondent-appellee.

Before PELL, SPRECHER, and BAUER, Circuit Judges.

PER CURIAM.

On appeal from denial of his motion to vacate sentence, 28 U.S.C. § 2255, Lawary raises two issues. First he alleges that his sentence was improper because the court, at sentencing, failed to make an explicit finding that he would not benefit from sentencing under the Youth Corrections Act, 18 U.S.C. § 5010. Such a finding is mandated by *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). The court made such a finding ex post facto in dismissing the § 2255 motion, but Lawary argues that this is insufficient. Since *Dorszynski* was decided four months after Lawary was sentenced, the underlying issue is whether *Dorszynski* applies retroactively. On this issue four circuits have said no, three circuits have said yes, but that an ex post facto finding at the post sentence proceeding is sufficient, and one circuit has given an unqualified yes.[1] This court has applied *Dorszynski* retroactively in *United States v. Donner*, 528 F.2d 276 (7th Cir. 1976), but has not expressly ruled on the issue of *Dorszynski's* retroactivity. Second, Lawary argues that the sentence was improper because the court considered prior convictions in which he had not been represented by counsel. The Government argues that Lawary is precluded from raising the *Dorszynski* issue, since he raised the same issues once before.

In April of 1973, Lawary was charged in State Court with armed robbery. He pled guilty on October 11 and was sentenced to four to twelve years in the penitentiary. Meanwhile, in August he committed another crime (it may be surmised that he held up a post office) and on January 24, 1974 he pled guilty to assaulting a United States Postal Clerk. He was sentenced for this crime to ten years in prison to run concurrent with the state sentence. This is the sentence challenged in this appeal. At the time of sentencing in 1974 Lawary was 18

---

1. Against retroactivity:

   *United States v. Brackett*, 185 U.S.App.D.C. 394, 567 F.2d 501 (1977) (en banc), *cert. denied* 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (implicit finding inferred from the record); *Jackson v. United States*, 510 F.2d 1335 (10th Cir. 1975); (holding that *Dorszynski* is not retroactive, but that it is satisfied by an ex post facto explicit finding); *Owens v. United States*, 383 F.Supp. 780 (M.D.Pa.1974), aff'd mem. 515 F.2d 507 (3rd Cir. 1975), *cert. denied* 423 U.S. 996, 96 S.Ct. 425, 46 L.Ed.2d 371 (1975); *United States v. Kaylor*, 491 F.2d 1133 (2nd Cir. 1974) (en banc) (a pre-*Dorszynski* holding that the no benefit finding must be explicit, but that the rule applies only prospectively), vacated and remanded on other grounds sub nom. *United States v. Hoplins*, 418 U.S. 909, 94 S.Ct. 3201, 41 L.Ed.2d 1155 (1974). See also

   *Ferguson v. United States*, 447 F.Supp. 1213 (S.D.N.Y.1978) (following *United States v. Kaylor, supra*, as still stating the law in the Second Circuit); *Marshall v. United States*, 389 F.Supp. 729 (E.D.Wis.1975) (dictum); and *Chandler v. United States*, 401 F.Supp. 658 (D.N.J.1975) (dictum), aff'd mem. 546 F.2d 415 (3rd Cir. 1976), *cert. denied* 430 U.S. 986 (1977).

   Favoring retroactivity, but accepting ex post facto findings:

   *Brager v. United States*, 527 F.2d 895 (8th Cir. 1975); *Robinson v. United States*, 536 F.2d 1109 (5th Cir. 1976); *McKnabb v. United States*, 551 F.2d 101 (6th Cir. 1977) (retroactivity issue reserved).

   For retroactivity:

   *McCray v. United States*, 542 F.2d 1246 (4th Cir. 1976).

years old, but no reference was made during sentencing to the Youth Corrections Act or his eligibility for sentencing under it. At the sentencing hearing the judge asked:

Mr. Lawary, do you have any explanation as to why you were charged in April of last year with armed robbery and then you go out and you commit this one in August? Is there any explanation for that?

The defendant replied "I just needed some money—I couldn't get no job or nothing." The judge then said:

Well, Mr. Lawary, the Court has reviewed this presentence report and based upon your performance in school and the fact that you appear to be just totally unmotivated to do any type of—or conduct yourself in an orderly, useful manner, I don't feel that I have any choice but to try to help you in some way, which I want to do. The only way that I know to do that is to sentence you to the penitentiary. Now, you are a young man. You are eighteen. But, you have seen more of some parts of life than most people will in a lifetime at eighteen. And here, you've had three commitments already to a penal institution and you were paroled three times and two of them you couldn't make it, isn't that right, Mr. Lawary?

On June 26, 1974 the Supreme Court decided *Dorszynski v. United States, supra,* reversing 484 F.2d 849 (7th Cir. 1973) and holding that if an eligible defendant is denied sentencing under the Youth Corrections Act, an explicit finding that he would derive no benefit therefrom must be made at sentencing. Relying on this decision Lawary moved on May 29, 1975 to vacate his sentence. In denying the motion on May 18, 1976, Judge Foreman in effect made an ex post facto finding of no benefit. He said:

This Court was fully aware of the Youth Corrections Act and petitioner's eligibility for treatment thereunder at the time of sentencing but determined that petitioner would derive no benefit from such treatment and, consequently sentenced petitioner as an adult. It would serve no useful purpose toward the administration of justice to now bring the petitioner before this Court to explicitly state on the record what this Court implicitly held at the time of sentencing.

Judge Foreman also ruled that *Dorszynski* should not apply retroactively, citing *Marshall v. United States,* 389 F.Supp. 729 (E.D. Wis.1975), and *Jackson v. United States,* 510 F.2d 1335 (10th Cir. 1975). No appeal was taken from the denial of that motion.

On June 12, 1978, Lawary filed a new § 2255 motion, alleging two grounds for relief. First, that the court in sentencing had impermissibly considered prior unconstitutional convictions obtained when he was not represented by counsel. Second, if those unconstitutional convictions had not been considered, the court would have found sentencing under the Youth Corrections Act appropriate. The court's failure to make an explicit no benefit ruling was not raised by Lawary in this motion.[2]

In denying Lawary's motion on June 29, 1978 Judge Foreman raised that issue sua sponte, and rejected it again, repeating language borrowed from his order denying the first motion. On the *Dorszynski* issue he said:

At the time of sentencing, the Court made no express finding that the defend-

---

2. The petition, in Lawary's own words, reads as follows:

A. Ground One: "The Court errored in sentencing defendant to adult sentence"

Supporting FACTS: "The Court errored in considering or taking into account juvenile records of defendant that was obtained by the juvenile court without appointing defendant an attorney."

B. Ground Two: "The defendant was eligible for the Youth Correction Act."

Supporting FACTS: "If the Court doing [during] the time of sentencing hadn't took into consideration three convictions obtained without appointment of counsel, makes the three convictions invalid. In this light the court or sentencing Judge would have seen defendant character as being of a different nature, which would have brought about the Youth Correction Act."

ant would not benefit under the Federal Youth Corrections Act. Nevertheless, the Court was fully aware of the Act and petitioner's eligibility for treatment thereunder. The Court had determined that petitioner would derive no benefit from treatment under the Act.

On the second issue the court said:

Petitioner also claims the Court errored [sic] by taking into account juvenile adjudications obtained without the benefit of counsel. The Court, however, gave no consideration to these adjudications. Rather, it was more impressed by the fact that petitioner had recently been sentenced for armed robbery in the state court.

The District Court having raised sua sponte the *Dorszynski* issue of its failure to make explicit no benefit findings, that issue is properly before us on appeal.

### SUCCESSIVE MOTIONS

■ The government argues that since Lawary's first § 2255 motion, seeking retroactive application of *Dorszynski*, was considered and denied by the district court, this second motion, in so far as it raises the same issue, should have been rejected. According to 28 U.S.C. § 2255, "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." This provision was given comprehensive interpretation in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). There the Court made clear that:

The judge is permitted, not compelled, to decline to entertain such an application, and then only if he 'is satisfied that the ends of justice will not be served' by inquiring into the merits.

373 U.S. at 12, 83 S.Ct. at 1075. The decision to consider a successive § 2255 motion raising grounds raised before is in the district court's discretion.

The principles governing . . . . denial of a hearing on a successive application are addressed to the sound discretion of the federal trial judges. Theirs is the major responsibility for just and sound

administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits. Even as to such an application, the federal judge clearly has the power—and, if the ends of justice demand, the duty—to reach the merits.

*Sanders v. United States, supra,* at 18, 83 S.Ct. at 1079. *See United States v. Brown,* 207 F.2d 310, 311 (7th Cir. 1953). The cases cited by the government are not to the contrary, but indicate only that when a § 2255 motion has been denied and appealed, a second motion raising the same issues may be dismissed. Cf. *United States ex rel. Townsend v. Twomey,* 452 F.2d 350, 353–55 (7th Cir. 1972), *cert. denied* 409 U.S. 854, 93 S.Ct. 190, 34 L.Ed.2d 98.

■ Where a successive § 2255 motion is dismissed as raising issues identical to those raised before, no appeal having been taken from dismissal of the first motion, we have denied review on the grounds that otherwise "we would, in a real sense, be extending his time for appeal." *Arrington v. United States,* 425 F.2d 244 (7th Cir. 1970), *cert. denied* 400 U.S. 835, 91 S.Ct. 72, 27 L.Ed.2d 68, citing *McGann v. United States,* 261 F.2d 956 (4th Cir. 1958), *cert. denied* 359 U.S. 974, 79 S.Ct. 891, 3 L.Ed.2d 841 and *Burns v. United States,* 229 F.2d 87 (8th Cir. 1956), *cert. denied* 351 U.S. 910, 76 S.Ct. 703, 100 L.Ed. 1445. In our case, however, Lawary's second § 2255 motion was not dismissed on the grounds that it raised issues identical to those raised before. The issues raised before were, on the court's own motion raised again, and then dismissed for the reasons given before. This amounts to a reconsideration, however cursory, of the merits of the issue it had already decided. The district court's earlier reasoning having been thus revived, the appeal therefrom is properly before us. To deny review of this issue, we would have to find that the district court's sua sponte reconsideration of the issue was an abuse of the discretion granted to it by § 2255. There being no basis for such a finding, we proceed to a consideration of the issue.

## RETROACTIVE APPLICATION
## OF DORSZYNSKI

In *United States v. Donner*, 528 F.2d 276 (7th Cir. 1976), this court applied *Dorszynski* retroactively to a defendant who had been sentenced in 1970, holding that:

Since the required finding was not entered 'on the record' we, therefore, must vacate appellant's sentence and remand his case to the district court for resentencing.

528 F.2d at 278. We did not discuss retroactivity, however, and referred to the date of the original sentencing only incidentally, in discussing other issues. Thus, *Donner* cannot be said to have held that *Dorszynski* applies retroactively.[3] Nonetheless, to hold that *Dorszynski* is not retroactive requires us to overrule *Donner* to the extent it is susceptible of being read as approving a retroactive application.[4]

Other circuits which have considered the retroactive application of *Dorszynski*, having previously applied it retroactively without comment, have held that it does apply retroactively, but that its requirement of an explicit no benefit finding may be satisfied by an ex post facto finding by the judge considering the § 2255 motion,

that at the time of sentence he was familiar with the Act, that he was aware that the defendant was a person eligible for treatment under the Act, that considera-

tion was in fact given to employing the Act with respect to the defendant, and that it was determined at the time that the defendant would not benefit from treatment under the Act.

*Brager v. United States*, 527 F.2d 895, 898–899 (8th Cir. 1975).[5] This is in essence the finding made by Judge Foreman in denying Lawary's § 2255 motion.

The weakness with this position, adopted by *Brager, Robinson,* and *McKnabb,* is that it undermines the Supreme Court's purpose in *Dorszynski* in requiring an explicit no benefit finding, which was to facilitate appellate confirmation that the Youth Corrections Act had been considered and the discretion of the district court had been exercised. The Court said:

Although well-established doctrine bars review of the exercise of sentencing discretion, limited review is available when sentencing discretion is not exercised at all. [Citations omitted.] The requirement of the 'no benefit' finding was designed to insure that the sentencing judge exercised his discretion in choosing not to commit a youth offender to treatment under the Act. Such a finding would make unmistakably clear that the sentencing judge was not only aware of the existence of the new Act, but also knew that the youth offender before him

---

**3.** Cf. *Rewak v. United States*, 512 F.2d 1184 (9th Cir. 1975) stating that *Belgarde v. United States*, 503 F.2d 1054 (9th Cir. 1974) applying *Dorszynski* retroactively "may not be controlling" on the issue of retroactivity.

**4.** No judge favored a rehearing in banc on the question of *United States v. Donner*.

**5.** *Brager* for example, follows *Sappington v. United States*, 518 F.2d 28 (8th Cir. 1975), and *United States v. Flebotte*, 503 F.2d 1057 (4th Cir. 1974). Similarly, *Robinson v. United States*, 536 F.2d 1109 (5th Cir. 1976), holding that "a finding of no benefit at the time of denial of the habeas petition was sufficient" follows *Hoyt v. United States*, 502 F.2d 562 (5th Cir. 1974). *McKnabb v. United States*, 551 F.2d 101 (6th Cir. 1977) relies on *Brager* and *Robinson* to conclude that "the postsentence procedures in the instant case would satisfy *Dorszynski*," but expressly states that "we do not decide the issue of *Dorszynski's* retroactivity for this circuit." 551 F.2d at 105, n. 2.

*McCray v. United States*, 542 F.2d 1246 (4th Cir. 1976), expressly holding in favor of retroactivity, follows *United States v. Bailey*, 509 F.2d 881 (4th Cir. 1975) and *United States v. Flebotte*, 503 F.2d 1057 (4th Cir. 1974).

*Brager* also cites, in favor of retroactivity, *United States v. Hopkins*, 418 U.S. 909, 94 S.Ct. 3201, 41 L.Ed.2d 1155 (1974) vacating *United States v. Kaylor*, 491 F.2d 1133 (2nd Cir. 1974) (en banc) for further reconsideration in light of *Dorszynski*. This is not sound authority for retroactive application, however. *Kaylor* had held that an express no benefit finding was required, that that would not apply retroactively, and that reasons must be given to support a no benefit finding. In *Dorszynski* the Court was silent as to retroactive application, but held that reasons need not be given. The remand of *Kaylor* thus clearly concerns its finding that reasons are required, and need not affect its holding on retroactivity at all.

was eligible because of his age for the treatment provided.

418 U.S. at 443, 94 S.Ct. at 3052. A court's ex post facto representation regarding what it had in mind at the time of sentencing five or more years before cannot so "unmistakably" "insure" the exercise of its discretion at sentencing as a statement made at the time and on the record. We find the accommodation represented by *Brager* unsatisfactory.[6]

As a number of courts have recognized, however, if *Dorszynski* is retroactive, the appeals court remanding for resentencing may be compelling a useless act. *Sappington v. United States*, 518 F.2d 28, 29 (8th Cir. 1975) (dissenting opinion of Chief Judge Gibson).

> Once the sentencing judge has "reconsidered" the alternative sentencing in connection with a § 2255 petition and has rejected the possibility of benefits under the F.Y.C.A., it is a futile gesture on appeal from denial of the motion to vacate the sentence and return to the same judge to make the same determination.

*Robinson, supra*, n. 5, at 1110. *Robinson* bases its acceptance of an ex post facto finding on the proposition that "*Dorszynski* does not stipulate *when* the explicit finding of no benefit must be made," but we find this unconvincing.

Those courts which have held that *Dorszynski* applies only prospectively (see, n. 1, *supra*) have all done so on the basis of the criteria for retroactive application of constitutional rules of criminal procedure, enunciated in *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973). These are,

> (a) the purpose to be served by the new standards,

> (b) the extent of the reliance by law enforcement authorities on the old standards, and

> (c) the effect on the administration of justice of a retroactive application of the new standards.

Those criteria are equally applicable to nonconstitutional decisions concerning statutory interpretation.[7]

The fullest application of these criteria to *Dorszynski* is found in *United States v. Brackett*, 185 U.S.App.D.C. 394, 567 F.2d 501 (1977) (en banc), *cert. denied* 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58. There, although two judges specially concurred, and two dissented, all agreed that *Dorszynski* should not apply retroactively. Judge McGowan, speaking for the majority, emphasized that the underlying purpose of the *Dorszynski* rule was to assure "conscious consideration" of the rehabilitative possibilities available to youthful offenders under the YCA.

> Congress prescribed the age limits for that particularized rehabilitative effort. Appellant has long since exceeded them, as will have many, if not indeed most, others who collaterally challenge their sentences.

567 F.2d at 505. After reviewing the reliance interest, and the effect on the administration of justice, he concluded:

> There comes a time, in the criminal law as elsewhere, where the more remote past cannot be set to rights in response to late-blooming legal doctrine, at least not without impairment of other vital interests. This is such a case, and because we believe it to be characteristic of those that will arise on collateral attack, we state our judgment to be that the retrospective operation of *Dorszynski* shall, in

---

**6.** A further problem with the *Brager* rule, which *Brager* itself reveals, is that it doesn't reach the situation of a sentencing judge who is not available to rule on the subsequent § 2255 motion. *See* 527 F.2d at 899.

**7.** *Bailey v. Holley*, 530 F.2d 169, 173 (7th Cir. 1976) *cert. denied* 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116; *United States v. Kaylor, supra*, at 1138; both citing *Halliday v. United States*, 394

U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), denying retroactive application to *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Indeed, in *Bailey v. Holley, supra*, at 173 we approvingly cited *Owens v. United States, supra*, and *Jackson v. United States, supra*, as employing the *Stovall v. Denno* criteria to deny retroactive effect to *Dorszynski*.

respect to sentences imposed prior to the issuance of our decision in *Coefield*, be restricted to direct appeals arising therefrom.[8]

Our own consideration of the issue of retroactivity in light of the *Stovall v. Denno* criteria suggests that retroactive application is inappropriate. The purpose of *Dorszynski*, as we have indicated, was to assure the YCA sentencing was considered at the time sentence was pronounced. What was omitted cannot be restored. Reliance on the previous rule may have been extensive in this circuit, since in *United States v. Dorszynski*, 484 F.2d 849 (7th Cir. 1973), rev'd 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855, we held without much discussion that the Act was satisfied if it could be inferred from the record that YCA sentencing had been considered. A ruling in favor of retroactivity would also, we think, disrupt the administration of justice without being especially fruitful.[9]

If *Dorszynski* were applied retroactively two classes of offender might be affected, those who would have been sentenced under the YCA had the judge not completely forgotten that option; and those who would have been denied YCA sentencing anyway. Both groups are now almost certainly too old for resentencing under the YCA. Some, however, will still be eligible for the same procedures under Young Adult Offenders sentencing (18 U.S.C. § 4216), which allows a court at its discretion to extend YCA benefits to defendants between 22 and 26 years old.

The purpose of sentencing under the YCA is to facilitate rehabilitation of youthful offenders. *See Dorszynski*, 418 U.S. at 431–436, 94 S.Ct. 3042. Once the offender is beyond the prescribed age limits, the assumption is that rehabilitation is no longer a reasonable possibility. One of the most significant benefits under the Act is the possibility that the conviction may be set aside if the offender is unconditionally discharged before the expiration of the maximum sentence. 18 U.S.C. § 5021. This allows the rehabilitated offender to start again with a clean slate. If rehabilitation is not a possibility, then such expungement is not appropriate. With the exception, therefore, of offenders still eligible for Young Adult Offender sentencing, YCA benefits would not now be available on resentencing.

Young Adult Offender sentencing, however, is left entirely to the district court's discretion, and the court is not required to make any explicit findings. *United States v. Negron*, 548 F.2d 1085 (2nd Cir. 1977), *cert. denied* 433 U.S. 912, 97 S.Ct. 2981, 53 L.Ed.2d 1096. *Ross v. United States*, 531 F.2d 839 (7th Cir. 1976), *cert. denied* 429 U.S. 837, 97 S.Ct. 106, 50 L.Ed.2d 104. We may assume that in most cases "our conscientious district judges" did consider and reject YCA sentencing, "even though their findings of no benefit have been implicit only . . . ." *United States v. Kaylor*, 491 F.2d at 1138. The likelihood that now, five or more years later, they would positively determine that the same offender would benefit is too remote to support retroactive application of the rule.[10]

**8.** *United States v. Coefield*, 155 U.S.App.D.C. 205, 476 F.2d 1152 (1973), is a pre-*Dorszynski* decision holding, in agreement with *Dorszynski*, that "no benefit" findings must be explicit.

**9.** Statistics were presented to the D.C. Circuit in *Brackett, supra*, on the number of persons likely to benefit from full retroactivity, and the court commented that "The figures on their face are not impressively supportive of appellant's point, since they reveal very substantial numbers of defendants in the period from 1965 to 1972 receiving adult sentences despite their age eligibility for YCA." 567 F.2d at 505, n. 4.

**10.** This is so even though, as Lawary argues, on remand for consideration of YCA sentencing

the judge might reconsider the sentence in light of the present records. *United States v. Hopkins*, 531 F.2d 576 (D.C. Cir. 1976); *McCray v. United States, supra*, at 1247; *United States v. Durbin*, 542 F.2d 486 at 489 (8th Cir. 1976) ("[A] trial judge is not prohibited from resentencing in light of events subsequent to the original sentencing that may throw new light upon the defendant's life, health, habits, conduct, and mental and moral propensities" quoting *Williams v. New York*, 337 U.S. 241 at 245, 69 S.Ct. 1079, 93 L.Ed. 1337); *Mitchell v. United States*, 482 F.2d 289 at 297 (5th Cir. 1973) (no limit on what the district court may consider in arriving at a new sentence.)

We hold, accordingly, that the *Dorszynski* requirement of an explicit no benefit finding does not apply retroactively. This is not, however, to limit the possibility of remand where the sentencing judge in fact omitted consideration of YCA sentencing.

## CONSIDERATION OF UNCONSTITUTIONAL CONVICTIONS

We turn now to the issue which Lawary himself raised in his § 2255 petition, the consideration by the judge in sentencing of three prior juvenile convictions obtained without appointment of counsel. The government does not deny that *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), applies to the consideration in sentencing of juvenile convictions. The government argues that resentencing is required only where the sentence was enhanced by consideration of the unconstitutional convictions, and that the district judge indicated in dismissing the § 2255 motion that the sentence was not enhanced.

There are two problems with the government's argument. First, the district court did not explicitly say that Lawary's sentence had not been enhanced. The court said that it:

> gave no consideration to these adjudications. Rather, it was more impressed by the fact that petitioner had recently been sentenced for armed robbery in the state court.
>
> Accordingly, the Court finds no basis of vacating petitioner's sentence.

Although the court said it did not consider the prior convictions, it is undeniable that it did in some sense "consider" them, since it explicitly commented on them, saying,

> And here, you've had three commitments already to a penal institution and you were paroled three times and two of them you couldn't make it, isn't that right, Mr. Lawary?

The second problem with the government's argument is that Lawary raised two claims in his petition—first that consideration of the unconstitutional convictions enhanced the adult sentence he was given and second that consideration of those convictions prevented his being sentenced under the YCA—but the district court did not treat them as separate claims. The district court's ex post facto no benefit finding does not expressly answer the second of Lawary's allegations, since the no benefit finding could conceivably have been based on unconstitutional considerations.

The question before us then, is what disclaimer of reliance on invalid prior convictions is sufficient to satisfy *Tucker*? In *Tucker* itself the trial judge heard testimony at the sentencing hearing regarding the prior convictions. 404 U.S. at 444 n. 1, 92 S.Ct. 589. In dismissing the § 2255 motion he found that use of those invalid prior convictions for impeachment purposes had been harmless error, since evidence of guilt had been overwhelming. *Tucker v. United States*, 299 F.Supp. 1376 (N.D.Calif.1969). He did not refer to their possible influence on sentencing, and the Court of Appeals, affirmed by the Supreme Court, remanded for resentencing since there was "a reasonable probability" that their consideration had resulted in a heavier sentence. In *Tucker*, in other words, there had not really been a disclaimer of influence on sentencing.

This Court has not explicitly discussed this issue. In *Crovedi v. United States*, 517 F.2d 541 (7th Cir. 1975) the sentencing judge dismissed the § 2255 motion, and

> while not precluding in his memorandum opinion that the conviction record may have been a part of the "surrounding circumstances" entering into the determination of "what action is appropriate and to what extent punishment should be imposed," the judge was of the opinion that "the sentence imposed upon the petitioner was entirely appropriate . . . regardless of the invalidity or absence of convictions noted in the presentence report."

517 F.2d at 546–47. We interpreted this as a reaffirmation of the sentence without re-

gard to the prior convictions, and held that sufficient, since "a remand for reconsideration could accomplish no more than that which has already occurred." In *United States v. Cardi*, 519 F.2d 309 (7th Cir. 1975), a conviction on four counts had been reversed on appeal as to two. Cardi then moved to reduce sentence, arguing that it had been influenced by the invalidated convictions. In dismissing the motion the district court said:

> As to both sentences, I took certain factors into consideration at the time I imposed them, I thought that they were proper at the time that the sentences were imposed. There is nothing in the Court of Appeals' opinion that changes my view as to the factors that I did take into consideration. Those factors still influence me and I think that the ten-year sentence under the particular conditions of this case was entirely proper.

We then commented:

> The clear implication of this statement is that the district judge, in originally setting the sentences on the valid counts, had not relied on the convictions on the counts which were subsequently declared invalid, but he had relied instead on certain other factors which were not affected by the subsequent partial reversal, and that in denying the Rule 35 motion, he continued to rely only upon such factors. 519 F.2d at 312. Thus, in *Crovedi*, we had an express determination that the sentences remained "entirely appropriate," and in *Cardi* a determination that invalid factors had not been relied on and the sentence remained "entirely proper." Our cases do not suggest what language we should find insufficient.

The Fourth Circuit has held insufficient statements that the original sentence remained "appropriate," *Stepheney v. United States*, 516 F.2d 7 (4th Cir. 1975) (en banc); that the judge "feels that there would not have been a lesser sentence," *Strader v. Troy*, 571 F.2d 1263 (4th Cir. 1978); that the court "felt then and feels now that the twenty year sentence imposed was just," *Wren v. United States*, 540 F.2d 643 (4th Cir. 1975). The Fourth Circuit requires that "the judge must be able to say without qualification that the sentence was uninfluenced by the allegedly invalid prior convictions," *Strader v. Troy, supra*, at 1267. *Cf. Grandison v. Warden*, 580 F.2d 1231 (4th Cir. 1978). This is more stringent than the standard we have adopted in *Crovedi* and *Cardi*. The Sixth Circuit standard seems closer to ours, since they have upheld dismissal of a § 2255 motion based on a statement that the sentence was "fair, just and equitable and fully supported by the record." *Reynolds v. United States*, 528 F.2d 461 (6th Cir. 1976).

*Crovedi* and *Cardi* are not dispositive of this appeal, however, because in those two cases there was an express determination that the original sentence remained appropriate. In a recent comprehensive reconsideration of procedure in *Tucker* appeals, the Ninth Circuit has explained that a district court may dismiss a § 2255 motion on two different rationales. *Farrow v. United States*, 580 F.2d 1339, 1352–53 (9th Cir. 1978) (en banc). The court may determine from the record at the time of the § 2255 motion that a new sentence imposed without regard to the challenged convictions would be the same. This amounts to a "resentencing on the basis of a record that excludes the challenged priors." 580 F.2d at 1353. Since this is exactly the relief the petitioner seeks, it is perforce sufficient. This is what was done in *Crovedi* and *Cardi*. Alternatively the judge may rely on his memory and state that at the time of sentencing he did not rely on the challenged convictions, or was not influenced by them. This too may be sufficient ground for dismissal. 580 F.2d 1339, 1352, citing *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 52 L.Ed.2d 736 (1977).

Nonetheless, according to the Ninth Circuit

> where the district judge's disclaimer of reliance on the invalid priors is in fact contradicted by the record, we have held that the case must be remanded . . . [citing] *Leano v. United States*, 494 F.2d 361 (9th Cir. 1974).

*Farrow, supra*, at 1348. *Accord, Grant v. White*, 579 F.2d 48 (8th Cir. 1978). The problem in the appeal before us is that the district judge followed the second procedure in dismissing the § 2255 motion, but his memory is seemingly contradicted by the record.

 The Ninth Circuit limited *Leano, supra*, in *Wilson v. United States*, 534 F.2d 130 (9th Cir. 1976), holding that even where the § 2255 judge's disclaimer of reliance is contradicted by the record, if there is a "*substantial basis* in the record on its face to support the court's statement of non-reliance, then the reconsideration mandated by *Tucker* has been performed." 534 F.2d at 133. As the Ninth Circuit explained further in *Farrow, supra*, at 1355–56 n. 27, "the judge's finding based on his own recollection may itself provide this 'substantial basis.'" This is best understood as recognizing that where a § 2255 judge's statement that he did not consider the challenged prior convictions is contradicted by the record, the seeming contradiction may be resolved by taking the judge's statement to mean that he did not rely on or accord significant weight to the challenged convictions. Where the § 2255 judge was also the sentencing judge, such deference to his recollection is appropriate. As the Ninth Circuit said, in *Farrow supra*, at 1355–56, n. 27,

> reversal is required only in cases such as *Leano* [*supra*] where, as stated in *Wilson*, "[t]here was *no support* in the record for the court's statement that it has not relied on the prior conviction."

*Quoting* 534 F.2d at 131. In other words, in the face of the court's disclaimer of reliance reversal is required only where, as in *Leano*, the reliance itself is manifest and incontrovertible from the record. No such reliance being manifest in the record before us, we decline to reverse the district court's dismissal of Lawary's § 2255 motion.

 We would prefer that the district court had more clearly addressed the two separate grounds which Lawary raised in his petition. Nonetheless, we understand his disclaimer to apply equally to both grounds, and to mean that the prior convictions influenced neither the adult sentence imposed, nor the decision to reject YCA sentencing. With regard to the latter, we note that the four to twelve year state sentence Lawary had recently incurred would itself have virtually precluded YCA sentencing, since Lawary would be 22, and too old for YCA sentencing, before the end of his minimum term.[11] The bank robbery and its resultant sentence thus establish a substantial basis in the record to support the district court's disclaimer. Accordingly, the order of the district court dismissing the § 2255 motion is affirmed.

---

11. He might have been paroled earlier, pursuant to 38 Ill.Rev.Stat. § 1003–3–3(a)(1), but that possibility does not lessen the sufficiency of the bank robbery as a ground for precluding YCA sentencing.