UNITED STATES of America, Plaintiff-Appellee,

v.

Millard Victor HUBBARD, Defendant-Appellant.

No. 79–1824.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1979.

Decided Dec. 28, 1979.*

Opinion April 15, 1980.

---

* This appeal originally was decided by unreported order on December 28, 1979. See Circuit Rule 35. The panel has decided to issue the decision as an opinion.

Kenneth N. Flaxman, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Michael S. O'Connell, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, BAUER and WOOD, Circuit Judges.

PER CURIAM.

This appeal is taken from the district court order which denied defendant relief under 28 U.S.C. § 2255. The main issue presented for this Court's review concerns whether the district court improperly relied on an invalid state murder conviction at the time of sentencing the defendant on a federal offense so that the defendant is entitled to be resentenced.

In January, 1970, defendant received a 20 to 50 year sentence on his state court conviction for murder. In September, 1972, defendant pleaded guilty to one count of violation of 21 U.S.C. § 841(a)(1), distribution of heroin, an offense committed while defendant was at large on bail pending the appeal of his state conviction. Defendant received a prison term of ten years, to run consecutively to the state court sentence, and was required to pay a $10,000 fine.[1]

On January 23, 1979, defendant prevailed on a habeas corpus challenge to the state conviction on the ground that he had not received the effective assistance of counsel in his murder trial. The State chose to re-try defendant and on May 2, 1979, he was found not guilty and a judgment of acquittal was entered. On that same day defendant filed his motion to vacate the sentence imposed on the federal conviction arguing that the district court must resentence defendant without relying on the nullified state conviction.

Notwithstanding the Government's concession that resentencing was required the district court denied the motion to vacate. Notice of appeal was timely filed. This Court has jurisdiction under 28 U.S.C. § 2253. On appeal, counsel for the Government do not oppose appellant's contention that the district court must resentence him but they object to defendant's suggestion that, upon resentencing, the defendant

---

1. The maximum sentence allowable was a fine of not more than $25,000 or a prison term of not more than 15 years, or both. In the event that a prison term was imposed, a three year parole term was mandatory.

ought to be afforded credit for the time he was incarcerated on the state charges.

*United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is the leading Supreme Court case on the resentencing obligation of the district court. In *United States v. Tucker* the Supreme Court ruled that when a district judge gives explicit consideration [2] to the defendant's prior convictions at the time of sentencing and when any of those prior convictions are held subsequently to be unconstitutional, the district court should reconsider the sentence imposed on the valid conviction. Since 1972 several courts of appeals have addressed the scope of the *Tucker* rule, paying particular reference to the type of disclaimer of reliance on the voided convictions made by the sentencing judge.

In *Lawary v. United States,* 599 F.2d 218 (7th Cir. 1979), this Court adopted the Ninth Circuit's view that a district judge may dismiss a § 2255 motion either because he can determine from the record that if he imposed a new sentence it would be the same or because he remembers that at the time of sentencing he did not rely on the void conviction. *Farrow v. United States,* 580 F.2d 1339, 1352–53 (9th Cir. 1978) (en banc). In the present case the district judge asserted that he "did not rely upon the murder conviction of the defendant when imposing sentence" and thus ostensibly followed the second procedure adopted in *Lawary.* The specific question presented by this appeal, then, is whether the district court judge's disclaimer of reliance on the invalid state conviction is sufficient to satisfy the requirements of *Tucker.*

The Government in its brief to this appeal concedes that throughout the sentencing proceeding the district court, the Government, and the defense counsel referred to the state conviction, discussed that

conviction as if it were valid, and weighed its effect on the length of the sentence to be imposed on the federal charges. The Government and defense counsel urge that the fact that the federal sentence ran consecutive to the term imposed on the state conviction demonstrates that the district court relied on the invalid conviction.

In the present case there were four references to the voided state conviction made at the original sentencing proceeding. The court asked the United States Attorney to supply matters in aggravation and the attorney informed the judge of defendant's three prior convictions—possession of stolen mail (1959), armed robbery (1961), and murder (1968). App. at 16. On consideration of the sentence to be imposed, the court expounded upon the seriousness of the crime of sale of heroin and stated: "I had the occasion to try a case here years ago—and your client having been found guilty of murder in another court reminds me—in which I had occasion to say that this kind of crime is, in essence, slow murder." App. at 23. Finally, the court imposed a ten year sentence to be served consecutive to "any conviction for any crime in any court of which the defendant now stands convicted." App. at 24. In the certified judgment and commitment the sentence was ordered to "run consecutive to the sentence imposed by Judge Saul A. Epton, of the Circuit Court of Cook County, Illinois, in Cause No. 68–1029 on January 23, 1970."

The problem presented on this appeal is that the sentencing judge's recollection that he did not rely on the invalid state conviction is seemingly contradicted by the record. In *Lawary* this Court concurred with the Ninth Circuit's view that the seeming contradiction may be resolved by taking the judge's statement of nonreliance "to mean that he did not rely on or accord significant

---

**2.** In *Tucker* the sentencing court took testimony from an F.B.I. agent with respect to defendant's prior convictions. That agent enumerated each of defendant's .prior convictions, including the two subsequently voided by the state court, and indicated the sentence imposed and the time served on each. In dismissing a motion to resentence the district court found

that use of the invalid convictions for impeachment was harmless error. The Court of Appeals, affirmed by the Supreme Court, remanded for resentencing since there was a "reasonable probability" that their consideration had resulted in a heavier sentence, regardless of the permissibility of their use for impeachment.

weight to the challenged convictions." 599 F.2d at 227.[3] Our task on review, then, is to determine whether the sentencing judge gave "specific consideration" to the defendant's previous conviction before imposing sentence. *Tucker, supra,* 404 U.S. at 447, 92 S.Ct. at 591.

In the proceedings on the motion to vacate the sentence the district judge stated that it was not the murder conviction but rather it was the seriousness of the heroin charge which resulted in the imposition of the ten year sentence on the federal count. Further, the district court judge rejected the argument of defense counsel that the length of the federal sentence was enhanced by the consideration of the murder conviction since he did not impose the maximum term of 15 years·applicable under the existing statute. Finally, the judge did not find the imposition of a consecutive sentence to be sufficient to establish reliance. *Counts v. United States,* 527 F.2d 542, 543–44 (2d Cir. 1975).

■ With due respect for the recollection of the trial judge we believe that justice and its appearance are better served by a more liberal interpretation of the record in this case in view of the many intervening years between sentencing and reconsideration. We therefore conclude that the record in the present case makes evident that the sentencing judge gave "specific consideration" to the defendant's voided state conviction before imposing sentence upon him. *Tucker, supra,* 404 U.S. at 447, 92 S.Ct. at 591. Or, applying the *Tucker* test as reformulated in *Lawary,* the reliance on the void conviction is "manifest and incontrovertible from the record." *Lawary, supra,* 599 F.2d at 227. The references made by the sentencing judge to the state conviction are equivalent to those which the Su-

preme Court held impermissible in *Tucker,* 404 U.S. at 444 n.1, 92 S.Ct. at 590. In addition, the specific consideration accorded to the state conviction is demonstrated in the fact that the federal sentence was to run consecutively to the sentence imposed on the voided conviction, whereas in *Lawary* the federal sentence was to run concurrently. While the concurrent feature of the sentence is certainly not dispositive of the issue of "reliance" or "specific consideration," in the context of the references made by the judge and counsel to the invalid conviction at the sentencing proceeding, that fact is not to be overlooked.

■ In sum, erosion of the *Tucker* principle can be prevented here only by reversing the judgment of the sentencing court and remanding this case to the district court for reconsideration of the defendant's sentence. As the imposition of sentence is solely within the discretion of the trial court, this Court leaves to the district court to determine whether the fair and reasonable course would be to accord credit for the time served on the void state conviction. *United States v. Gaines,* 436 F.2d 1069 (2d Cir. 1971), vacated and remanded, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428, opinion on remand, 449 F.2d 143 (2d Cir. 1971). Had it not been for the intervention of the invalid state murder conviction, it appears defendant would have started to serve the federal sentence on the day it was imposed.

For these reasons, the judgment appealed from is reversed and the case is remanded pursuant to Circuit Rule 18 for resentencing.

**3.** At the sentencing hearing in *Lawary* the judge referred to the subsequently voided state convictions on at least two occasions. On one occasion the judge asked:

> Mr. Lawary do you have any explanation as to why you were charged in April of last year with armed robbery and then you go out and you commit this one in August? Is there any explanation for that?

Later the judge stated:
> Well, Mr. Lawary, the Court has reviewed this presentence report and . . . you've had three commitments already to a penal institution and you were paroled three times

. . .
599 F.2d at 220.