**UNITED STATES of America, Plaintiff,**

v.

**Brian C. STEHLING, Defendant.**

**Crim. A. No. 76–CR–137.**

United States District Court,
E.D. Wisconsin.

July 2, 1993.

Christian R. Larsen, Asst. U.S. Atty., Milwaukee, WI, for U.S.

Brian C. Stehling, pro se.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On November 29, 1976, this court placed defendant Brian Stehling ("Stehling") on probation for two years following Stehling's conviction, pursuant to the Youth Corrections Act ("YCA"). Stehling received an early discharge on November 27, 1978, and his conviction was "set aside" pursuant to Title 18 United States Code § 5021(b) (repealed in 1984), which provided that

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

Federal Bureau of Investigation records indicate that Stehling's conviction was set aside. Before the court is Stehling's April 26, 1993 letter request to clear the conviction from his record.

Probation states that Stehling's record would not be cleared unless there was an Order of Expungement, and that this district did not have a practice of expunging records in YCA cases. The United States Attorney's office states that this court has the discretion to set aside the conviction *nunc pro tunc.* This does not address the problem, however, because Stehling's conviction *was* set aside; the question is what does "set aside" mean.

The Seventh Circuit has stated that "although YCA allows a judge to set aside a conviction, it does not allow for the expungement of a court *record* of a. trial and conviction.... [T]he record of a conviction that has been set aside under the YCA can be considered by a trial court in determining an appropriate sentence." *U.S. v. Gardner,* 860 F.2d 1391, 1399 (7th Cir.1988), *cert. denied,* 490 U.S. 1023, 109 S.Ct. 1751, 104 L.Ed.2d 187 (1989). In this case, however, there was no trial. The Seventh Circuit has indicated in dicta that expungement is an available option. *See Lawary v. United States,* 599 F.2d 218, 224 (7th Cir.1979).

In researching this matter, this court has found that the First, Eighth, and Ninth Circuit Courts of Appeals have held that the YCA does not allow for expungement unless there are extraordinary circumstances. The Third, Sixth, Tenth, and Eleventh Circuit Courts of Appeals have held that a record may be expunged. The District of Columbia Court of Appeals has allowed expungement from public records but not from law enforcement records.

This court finds that Stehling does not present any "extraordinary circumstances" in favor of expunging his record. This court therefore will deny his request.

**IT IS THEREFORE ORDERED** that defendant Brian Stehling's April 26, 1993 request to expunge his record is DENIED.