19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest H. VACARRL, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-3312.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Ernest Vacarrl appeals from the dismissal of his motion to withdraw his guilty plea filed pursuant to 28 U.S.C. Sec. 2255. The district court found that Vacarrl was attempting to advance the same claim as he raised in a previous Sec. 2255 motion (No. 90 C 0007). We AFFIRM for the reasons stated in the attached district court order dated September 11, 1992.
 
 ATTACHMENT
 
 2
 United States of America,
 
 
 3
 Plaintiff,
 
 
 4
 vs.
 
 
 5
 Ernest Vacarrl,
 
 
 6
 Defendant.
 
 No. 89-CR-37
 ORDER
 
 7
 WARREN, Senior District Judge.
 
 
 8
 Before the Court is the petitioner's motion to withdraw his guilty plea pursuant to Title 28 U.S.C. Sec. 2255. Rule 4 governing Sec. 2255 motions requires that the Court give the motion preliminary attention and summarily dismiss it if it appears that the petitioner is not entitled to relief.
 
 
 9
 The petitioner, Ernest Vacarrl, pleaded guilty to one count of conspiracy to possess with intent to deliver in excess of 500 grams of cocaine. In exchange, the United States agreed to dismiss charges alleging that he participated in a counterfeit currency ring. Although the Court recognized that Mr. Vacarrl might have obfuscated certain facts at the hearing in which he pleaded guilty,[1] it nevertheless found that he had made a knowing and voluntary plea of guilty. In doing so, it noted:
 
 
 10
 I don't understand the basis for the decision of the defendant, but I certainly have given him every opportunity to do anything else that might work in his best interest, and so I am convinced that it's a voluntary decision and that the plea bargain and the plea of guilty here is a voluntary act and it's made with full cognizance of the ramifications and results thereof, and I guess that the Court has no alternative but to accept the plea of guilty and adjudge you guilty, Ernest Vacarrl, as charged in Court One of the indictment.
 
 
 11
 Transcript of Proceedings, May 25, 1989 at 22.
 
 
 12
 After his sentencing, Mr. Vacarrl filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(d), which was denied as untimely. He thereafter filed a motion for relief under 28 U.S.C. Sec. 2255, in which he alleged ineffective assistance of counsel. He charged his attorneys with failing to explain possible defenses to the charges against him and not informing him that the United States was required to prove his "knowing and intentional" state of mind.
 
 
 13
 The Court denied Mr. Vacarrl's petition on October 11, 1990. While noting that the petitioner had not appealed his sentence or guilty plea, the Court assumed that he would be able to meet the "cause and prejudice" standard and henceforth evaluated Mr. Vacarrl's petition on its merits. Nevertheless, it found that Mr. Vacarrl had failed to sustain his burden of proof on his claims and denied his motion.
 
 
 14
 Mr. Vacarrl is attempting to advance the same arguments today, even though they failed nearly two years ago. Although a court may entertain a successive Sec. 2255 motion, it is by no means compelled to do so if its inquiry would not further the interests of justice. Sanders v. United States, 373 U.S. 1 (1963); Lawary v. United States, 599 F.2d 218 (7th Cir.1979). In this case, the Court concludes that this matter, should it proceed any further, is destined to have the same outcome as its predecessor. Therefore, the petitioner's motion is DISMISSED pursuant to Rule 4.
 
 
 15
 SO ORDERED this 11th day of September, 1992 at Milwaukee, Wisconsin.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 At the first scheduled change of plea, the Court would not accept Mr. Vacarrl's plea and granted his counsel's motion to withdraw. Two weeks later, armed with another appointed counsel, Mr. Vacarrl pleaded guilty once again. This time, the Court accepted his plea